# WHITEFORT *v.* HOMOCHITTO LUMBER CO.

[93 South. 437, No. 22429.]

1. CONSTITUTIONAL LAW. *Constitutionality of acts of legislature not decided, unless necessary to dispose of case.*

It is a settled rule of decision in the courts that the constitutionality of an act of the legislature will not be passed upon unless it is necessary to do so to dispose of the case.

2. PRIVATE ROADS. *Proceedings for private way must strictly conform to statute to confer jurisdiction on board of supervisors.*

A person, seeking to establish a private way of ingress and egress under chapters 258 and 259, Laws 1920, must bring his case within the statute; and in such petition must show a necessity, and not a mere convenience. He must show that he has not been able to acquire such right by contract; and that there is no other practical way that may be acquired by contract or grant, and that he has no way over his own lands. The proceedings must strictly conform to the statute, and, if they do not, the board has no jurisdiction to act.

3. EMINENT DOMAIN. *Error to dismiss bill and deny relief for trespass on land in seeking private way, where it alleged that no proceeding had before board of supervisors.*

Where a bill in equity is filed for an injunction to prevent proceeding under chapters 258 and 259, Laws 1920, and to prevent further trespass and for damages alleged that the defendant had gone on her land and built a logging road and cut timber before proceeding before the board of supervisors to acquire such right of way and seeks damages for such trespass, it is error to dismiss the bill and deny relief.

APPEAL from chancery court of Amite county.

HON. R. W. CUTRER, Chancellor.

Suit by Mrs. Kathryn D. Whitefort against the Homochitto Company. From a judgment dismissing her bill plaintiff appeals. Reversed and remanded, with directions.

*Fenelon D. Hewett,* for appellant.

It is admitted by the testimony that the appellee had taken possession of the land of the appellant and destroyed about thirty small trees, and was using and trespassing against said land more than thirty days before appellee filed its petition before the board of supervisors of Amite county to get a right of way.

Chapters 258 and 259 of the Laws of 1920, say: "When any person shall desire to have a private road or logging and tram road located through the land of another, when necessary for ingress and egress, he shall apply by petition, stating the facts and reason to the board of supervisors of the county, which shall, the owner of the land being notified at least five days before, determine the reasonableness of the application; and if the petition be granted, the same proceedings shall be had thereon as in case of a public road, or logging or tram roads, but damages assessed shall be paid by the person applying for the private road, and he shall pay all costs and expenses incurred in the proceedings. Provided that the road of ingress and egress provided herein shall not be for more than three years, and provided, further, that either party thereto shall have the right of appeal from the orders of the board of supervisors to the circuit court. That any logging or tram companies granted right of way over private land in the said bill, shall be compelled to level off right of way and fill up all ditches and barrow pits.

The above act was passed by the legislature primarily for the purpose of enabling saw mills and lumber companies to go over and across the private property of individuals, for the purpose and convenience of the saving of expense to said saw mills and lumber companies. It is taking private property for private purposes.

It is violative of section 17, article 3 of the Constitution of the state of Mississippi, which says: "That private property shall not be taken or damaged for public use, except on due compensation being first made to the owners thereof, in a manner to be prescribed by law; and when-

ever an attempt is made to take private property for a use alleged to be public, the question of whether the contemplated use be public shall be a judicial question, and as such, determined without regard to legislative assertion that the use is public."

The history of the struggle of mankind to be secure in their life, liberty, and pursuit of happiness and possession of their property, has been a struggle for centuries. When the Magna Charta was accepted by King John at Runnymede, on June 15, 1215, it was described as the greatest and most enduring landmark of English constitutional liberty. First, by its creative statutes, and down the ages as the various constitutional rights were guaranteed, including the bill of rights passed by Parliament in 1689, insured to the people additional rights, and, indeed, when the constitution of the United States was adopted, among the chief objections was that it did not contain a Bill of Rights, and the first ten amendments were acted on by the Congress in 1790 and became part of the Constitution in 1791, and it was then adopted, which said: "Nor shall private property be taken for public use without just compensation."

The above statute, chapters 258 and 259, Laws 1920, attempts to grant to every individual, person, or corporation, public or private, the right to exercise high power, and that of eminent domain. It never has been known in the history of the world where private property could be taken for private purposes, and the only authority, right or reason for taking of private property, is set out in the constitution, section 17, of article 3, where property can only be taken for public purposes. There are only five persons that can exercise this right, and they are: First, the Sovereign, or the United States; second, the state; third, the county: fourth, municipality; fifth, public service corporations.

The last three can only exercise this power of eminent domain strictly in accordance with the powers delegated. *Wise* v. *Yazoo*, 51 So. 453.

The above shows that it was more convenient for the city to take this property, but in exercising this right it is not a question of convenience, but a question of right. Binney's case, 2 Bland, (Md. 129).

The same rule of constructions is announced in Lewis on "Eminent Domain," vol. 1, paragraph 388.

In the case at bar the legislature of 1920, conferred upon every person, individual, or corporation, the power to condemn a right of way over and across the lands, the private property of any other person, for not only a public use—but for a private use, and in the present case the Homochitto Lumber Company, a private corporation. went across the land of the appellant without her consent, and purely for its own convenience, and not for any public purpose. The legislature did not give individuals or corporations the right under this chapter to exercise the power of eminent domain, and the Homochitto Lumber Company did not attempt to exercise that power by having the land first condemned and due compensation being first made to the owner, but, according to the testimony of its manager, Mr. Kilpatrick, as shown by the record, he admits that his company was a trespasser, was on Mrs. Whitefort's land without her consent. That they were on the land a month or more before the petition was even filed before the board of supervisors to exercise the powers attempted to be conferred under this state, which is unconstitutional and void.

In the exercise of the power of eminent domain, there must be some right in which the public is interested. Public service corporations such as railroads, street railways, telephone and telegraph companies, are recognized as servants of the public and exercise the right because it is granted to them by law, and the courts have held that even a municipality cannot close and vacate streets, if it deprives the owner of an abutting property of a right, which is property and which cannot be taken except on due compensation being made, as provided below. *Laurel* v. *Rowell*, 84 Miss. 4350, or 36 So. 543; *Berry* v. *Mendenhall*, 104 Miss. 94, 61 So. 163.

There never has been known, since the beginning of our laws, that private property could be taken for private use, and the legislature of Mississippi was without authority of law to authorize the taking of private property for private purposes, and upset the constitutional·right of every person to be secured in his life, liberty and pursuit of happiness, and the ownership of his property.

A person can now get a right of way over and through the private property of any other person, no matter where it is, or under what circumstances or for what purpose if he can get three members of the board of supervisors to look at it in his way. There is no limit, and if the legislature had the authority to grant this right for a period of three years, giving to another person a leasehold estate, for a term of three years, why couldn't he have made it ten years or twenty years, or a hundred years. The principle is the same.

Under section 4977 of the Code of 1906, the complainant appellant, was damaged to the extent of four hundred and fifty dollars, and the Homochitto Lumber Company being an admitted trespasser, the court below should have declared chapters 258 and 259 of the Laws of 1920, unconstitutional and void and granted a mandatory injunction against the appellee, and assessed the damages to the extent of four hundred and fifty dollars in this case.

The appellant respectfully submits that the decree should be reversed and a judgment rendered in this court, as above stated.

*C. T. Gordon,* for appellee.

The appellee admits that it went across this land before it had acquired the right of way, yet this action on its part was in good faith and not wilful and it could not be held for any penalty under the law.

The appellee contends that chapters 258 and 259, of the Laws 1920, and also section 3411, Code 1906, are constitutional. The basis of the action by the appellant is upon

the ground that the said chapters 258 and 259 of Laws 1920, are unconstitutional.  Her bill and argument admit that if the said chapters are constitutional, then the decree of the lower court should be affirmed.  This is not admitted in so many words, yet it is admitted by the very words of the action.

The constitution of the state of Mississippi, section 90, reads: "The legislature shall not pass local, private, or special laws in any of the following enumerated cases, but such matters shall be provided for only by general laws, viz: (1) Laying out, opening, altering, and working roads and highways; (m) vacating any road or highway, town plat, street, alley or public grounds.

The constitution of the state of Mississippi under section 170, further provides: "Each county shall be divided into five districts.  A resident freeholder of each district shall be selected, in the manner prescribed by law, and the five so chosen shall constitute the board of supervisors of the county, a majority of whom may transact business.  The board of supervisors of the county shall have full jurisdiction over roads, ferries and bridges to be exercised in accordance with such regulations as the legislature may prescribe, and perform such other duties as may be required by law.  The clerk of the chancery court of each county shall be clerk of the board of supervisors."

By virtue of the above provisions of the constitution of the state, the legislature is fully vested with authority to pass all necessary and beneficial acts authorizing and prescribing the duties of the board of supervisors with regard to the roads and bridges of the counties.  The board of supervisors under the laws so enacted by the legislatures are fully authorized to perform the duties as prescribed, and in the manner set forth under the several acts.

The above provisions of the constitution have been repeatedly upheld by the opinions of this court.  *Board* v. *Arright*, 54 Miss. 668; *Paxton* v. *Baum*, 59 Miss. 531; *Seal* v. *Donnelly*, 60 Miss. 658; *Monroe County* v. *Strong*, 78 Miss. 565; *State* v. *Bolivar County*, 111 Miss. 867; *Prather*

v. *Googe,* 108 Miss. 670; *Holmes County* v. *Black Creek Drainage Dist.,* 99 Miss. 739.

This court, has, in passing on the constitutionality of the several acts of the legislature, held, that any act of the legislature that deprives the board of supervisors of jurisdiction over the roads of their counties is unconstitutional and void, being in violation of section 170. See, *Holmes County* v. *Black Creek Drainage Dist.,* 99 Miss. 739; *State* v. *Bolivar County,* 111 Miss. 867.

This court has been called upon to pass upon the legality and constitutionality of section 4411, Code 1906, in several instances and in each instance they have upheld this section of the code. *Wills* v. *Reed,* 86 Miss. 447; *Davis* v. *Forenberry,* 114 Miss. 294; *Grenada County* v. *Olsen,* 118 Miss. 885.

Now then the court having passed upon section 4411 and having held that it was constitutional, there remains but one question, and that is whether the amendments, or amendment to this act as made by chapters 258 and 259 of Laws 1920, are constitutional in so far as they are granted the authority to grant rights of ways of necessity to lumber mills for logging roads and tramroads across the property of individuals. I can see no distinction, for if an individual is entitled to have a right of way, certainly a corporation has. It is as necessary to one as to the other. It is the extending of the privilege to a business enterprise under every reasonable restriction just as it is to the individual. The right granted and obtained through the order of the board of supervisors is not the taking of private property for private purposes, but it a mere easement over the same for a limited time, with just compensation for all damages, and with the proviso that the premises shall be restored to the condition it was in before the easement was granted.

My friend certainly has not studied the decisions of the court construing the acts of the legislature and certainly has not studied section 170 of the constitution, for should he have studied them, he would have seen that the board

of supervisors did have jurisdiction and that the law was constitutional.

The learned chancellor was right in his decree for the board of supervisors had acquired jurisdiction, and having acquired jurisdiction first, they should retain jurisdiction for all purposes and being a judicial body, were vested with full authority under the law to protect all persons concerned. The board of supervisors was just as able and competent to pass upon the necessity of the right of way after they had gone on the land as they would have been before, and just as able to state the damage done as they would have been before the track was laid.

In conclusion I feel that this court should affirm the decree of the lower court, as the law in question is not vicious: it is not violative of the rights of the appellant under the constitution. This section 170 has been a part of the constitution of the state since 1890, and section 4411 has been a part of the law of the state for a good many years, and this court has often passed on problems submitted under it and there can be no question as to its legality.

We are of the opinion that the board of supervisors having acquired jurisdiction of the cause first should have retained the jurisdiction and that body was as competent as any other court to pass on the amount of the damages, and the chancellor was right in so holding and dismissing the bill.

The appellant's claim for four hundred and fifty dollars damages as set forth in his brief certainly under no construction of the case would be just as there is no evidence to support this damage. The appellee respectfully submits that the decree of the chancellor was correct and the same should be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

The appellant owned the Northeast quarter of section 24, township 4, range 3 East, and the appellee owned tim-

ber and lands adjacent to this land lying both to the north, east, and south of said land, but does not own the timber or any right of way over the Northeast quarter of Southwest quarter,. section 24, township 4, range 3. The appellee desired to construct a logging road over the land of the appellant, and applied to her agent on the land for permission so to do. This agent informed the appellee that he had no right to grant him such right of way, but stated that, while he could not grant him such right of way, he felt sure that the appellant was reasonable and would do what was right about it, and if it was he that he would go ahead and construct such line over the land. The appellee did construct the line over appellant's land without permission from appellant so to do, but entered into a correspondence with her, she being a nonresident of the state, to get her to consent to such construction, and offering to pay what was reasonable, and also offering to buy her timber growing on said lands if she desired to sell such timber. Considerable correspondence passed, but the appellant refused at all times to agree for the appellee to cross her land, and refused to sell the timber. Thereupon the appellee filed a petition to the board of supervisors of the county in which the land was situated, setting forth the residence and place of business of the appellee, and alleging that the petitioner is engaged in the manufacture of lumber, cutting trees from the forests, and transporting the lumber and logs so cut by a logging railroad to its sawmill plant at Bude, Miss., and that in the operation of said logging railroad it became necessary to obtain a right of way over which to cross, either by grant with right to cut timber, or by grant of the right of way alone, except as to lands wholly owned by itself; that it owned large quantities of timber in the said county, and it is building its line to cut said timber, and that petitioner owns lands adjacent to said lands of appellant above described, but does not own the timber or any right of way over the Northeast quarter of Southwest quarter, section 24, township 4, range 3, and in the construction of its logging rail-

road and its operations it became and is now necessary that it cross with its logging line either the corner of the Northeast quarter of section 24, township 4, range 3 East, or the corner of the Southwest quarter of said section, and that it is more convenient, and less damage would be occasioned, for it to cross the Northeast quarter of section 24, and it would only have to build ninety-six feet in length of track across the Southwest quarter of Northeast quarter, so that it might reach its timber to the South and Southeast of said land, and that it would only use the right of way for a short time. It is alleged that the ownership of the Northeast quarter of section 24, above described, is in the appellant, and that petitioners made every kind of effort and reasonable proposition for a right of way across appellant's land, and that appellant has refused to sell, grant, or permit a right of way across her land within reason or within a reasonable price; that it becomes necessary for the petitioner to have a right of way across appellant's land that it might reach, cut, haul, and remove its timber on the South and East of said land, as it has no means of reaching, or route by which it might reach, said timber except by crossing said land or the lands of others; that it is more convenient to cross her land, and less damage would be done in crossing appellant's land than any other, as a track can be laid upon the surface of the land without the digging of ditches or the making of a cut or fill on the same; that the board of supervisors has authority under chapters 258 and 259 Laws of 1920, to grant unto petitioner a right of way over the lands of said Mrs. Whitefort upon payment by petitioner of all costs of the proceeding and reasonable damages that said appellant would suffer, all of which petitioner is ready to pay, and prays for an order giving notice to Mrs. Whitefort and a condemnation of the right of way over said land. The board of supervisors thereupon gave notice that it would go upon the land, assess the damages, and allow the right of way, naming a time at which the complainant might appear. Thereupon appellant filed a bill in the chancery court, setting up her

ownership of said land and her refusal to sell the right of way to the appellee, and alleging that the lumber company through its agents had gone upon the land and cut a right of way and built a line of logging road across her land, and of the filing thereafter by the petitioner of the petition to the board of supervisors, and of the proceedings on the part of the board of supervisors, giving her notice to appear to show cause why the right of way should not be condemned cross her said property. That the board was acting under chapters 258 and 259, Laws of 1920, and unless restrained will proceed to condemn said land at its next meeting, and grant to the defendant lumber company a right of way through her property. She alleges that chapters 258 and 259, Laws of 1920, are unconstitutional and void, and prays for an injunction against the defendant and the board of supervisors to enjoin them from further proceedings under said chapters, and prayed for a mandatory injunction, commanding the lumber company to remove its tracks and rails from across her land, and to enjoin its further trespassing upon said land, and also prays an assessment of all damages already accrued, actual and punitive, for the willful and continued trespass on her property, and prays that the lumber company be enjoined from proceeding under said chapters because they are unconstitutional, and prays for the statutory penalty for the cutting of timber and for all damages sustained.

Defendant admitted substantially the allegations of the bill, except it contended that the agent of Mrs. Whitefort gave permission for it to cross said lands, and denied that said statutes above referred to were unconstitutional and void, and set up in the answer its business and the necessity for constructing said logging road across complainant's land, but admits that it went upon the land in good faith, and was ready to pay for the right of way; but that after being notified that the complainant would not consent to the construction of its logging line over her land, the lumber company proceeding in accordance with chapters 258 and 259, Laws of 1920, to have the board of super

visors grant it said right of way. The proof in the case
fully establishes that the agent of the complainant did
not grant a right of way, and had no authority so to do,
and that he so told the agent of the lumber company, but
told the agent that, if it were he, he would proceed to build
the line, as he felt sure that Mrs. Whitefort would be rea-
sonable about the matter.

The chancellor refused to grant complainant relief, dis-
missed her bill without prejudice on the theory that the
defendant had applied to the board of supervisors to con-
demn the right of way, being of the opinion that chapters
258 and 259, Laws of 1920, are constitutional, and that the
board of supervisors have jurisdiction of the subject-matter,
and that the court should not interfere with it.  From
which decree this appeal is prosecuted.

The question of the constitutionality of chapters 258
and 259, Laws of 1920, is serious, but we do not find it
necessary now to decide the constitutionality of such stat-
ute.  In our opinion the proceedings before the board of
supervisors did not present a case coming within the stat-
ute.  The statute undertakes to grant a right of way where
necessary for ingress or egress.  We think that under the
statute, if it be constitutional, the petitioner, lumber com-
pany, must show that it has been unable to obtain a right
of way by contract or agreement not only from the party
whose property he seeks to invade, but by any other rea-
sonable way he seeks to secure from other persons a right
of way.  In other words, the petition must show on its
face that there is no other land over which the lumber
company might secure a right of way, and must show effort
to obtain such right of way from such other owner.  The
petition does not show any reason why such other right of
way would not be usable for the purpose, nor that it can-
not be obtained by grant.  The statute does not contem-
plate granting one citizen or corporation a right of way
through the property of another citizen or corporation as
a matter of mere convenience or as a mere matter of sav-
ing expense.  There must be real necessity before private

property can be invaded by a citizen for private purposes, if that can be done at all. The right to the control and use of one's property is a sacred right, not to be lightly invaded or disturbed. When property may be taken from a citizen for any purpose by law, the method for so doing must be strictly pursued, and the party seeking to take the property of another must come squarely within the statute.

We think also that the court erred in dismissing the bill, and that it ought to have granted compensation or damages for the invasion of the property already made and for trespasses already perpetrated. If a person or corporation desires to use the property of another person or corporation, they should first acquire a right to do so, either by contract or by any legal method available for securing such right of way; but if they act without a right so to do before proceeding according to law, they are liable in damages for all such acts done without authority of law. In order for the board of supervisors to obtain jurisdiction the petition should set forth the necessary facts to confer jurisdiction. It is a statutory scheme in derogation of common right, and the jurisdictional fact should appear in the face of the petition.

The judgment will be reversed, and the cause remanded, with directions to reinstate the injunction and award damages.

*Reversed and remanded.*