TURNER LUMBER CO. *v.* ROBINSON LAND & LUMBER CO.

(Division A. Dec. 16, 1929.)

[125 So. 86. No. 28153.]

Currie, Stevens & Currie, of Hattiesburg, for appellant.

Stevens & Heidelberg, of Hattiesburg, and **Armbrecht & Hand**, of Mobile, Ala., for appellee.

**Cook, J.**, delivered the opinion of the court.

The appellant, Turner Lumber Company, filed a petition before the board of supervisors of Greene county, seeking to condemn a logging railroad right of way over lands of the Robinson Land & Lumber Company; the petition and proceedings being under the provisions of chapter 259 of the Laws of 1920, section 8351, Hemingway's 1927 Code. Upon the hearing of this petition the appellant was granted the right of way as particularly described in the petition, and thereupon an appeal was perfected to the circuit court; and upon the hearing of the matter in the circuit court, the order of the board of supervisors granting the right of way was reversed, and the petition dismissed; and from this judgment of the circuit court an appeal was prosecuted to this court.

The facts necessary to be stated for an understanding of the point upon which we base this decision are substantially as follows: At the time the petition to condemn the right of way was filed, the Turner Lumber Company, a corporation, was the owner of a sawmill plant located at Avera, in Greene county, Mississippi, and was likewise the owner of a private logging railroad, and certain timber and timber lands located in Greene county. The

sawmill and railroad owned by the Turner Lumber Company were operated by the Turner Timber Company, a partnership composed of the stockholders of the Turner Lumber Company. The logging railroad extends several miles over the lands of the appellant, and at or near the terminus thereof the appellee owns a body of land which separates the lands of appellant, upon which the railroad is located, from other lands and timber owned by it some distance north of the railroad. It was to secure a right of way across the intervening lands belonging to the appellee that the petition was filed before the board of supervisors.

. Shortly after perfecting this appeal from the judgment of the circuit court dismissing the petition to condemn a right of way under and by virtue of the provisions of the said chapter 259 of the Laws of 1920, section 8351, Hemingway's 1927 Code, the stockholders of the appellant lumber company obtained from the state of Mississippi a charter for the Avera & Northeastern Railroad Company.; and after this charter was obtained, this railroad company began eminent domain proceedings in Greene county, seeking to condemn a right of way for the railroad corporation over the lands of the appellee, the right of way so sought to be condemned embracing and including the entire right of way involved in the original proceedings and in this appeal. After this condemnation proceeding was begun by the said Avera & Northeastern Railroad Company, the appellee filed a bill in the chancery court seeking to enjoin such proceeding. A temporary injunction was issued, and on the hearing of the injunction suit, it was developed in the testimony of Horace S. Turner, president of the appellant lumber company, that the appellant had conveyed by sale or lease the entire railroad owned by it, together with all rights of way and locomotives and cars constituting the equipment of said railroad, and that the said Turner

Timber Company had acquired the right to cut the timber which it was desired to reach by means of the right of way sought to be condemned; and that the Turner Timber Company had contracted with the Avera & Northeastern Railroad Company to haul the timber over a line of railroad to be constructed by it from its present railroad to this timber.

After the development of the facts in reference to the conveyance of the railroad, and the contract of the railroad to transport the timber in question to the sawmill owned by the appellant and operated by the Turner Timber Company, the appellee filed in the cause pending in this court a plea in bar of the appeal, setting up that on account of the above-stated facts, which had happened since the appeal was perfected, whatever necessity and right, if any, had previously existed for the appellant to obtain the right of way sought by the proceeding pending in this court, had ceased to exist, and consequently the appeal should be dismissed.

Upon the filing of this plea in bar, the appellant filed an answer thereto, denominated a replication and demurrer, which challenged the legal sufficiency of the plea, but also expressly admitted the averments of the plea, and affirmatively set forth the detailed facts with reference to the conveyance of the railroad, and the contract with the railroad company to transport this timber. To this answer there was attached a copy of a warranty deed from the appellant to the Avera & Northeastern Railroad Company, conveying to the said railroad company all the railroad, together with certain locomotives and log cars, and the right of way along the entire length of the said railroad, and also a right of way through all lands then owned by the appellant in Greene county. There was also attached to this response to the plea in bar, as a part thereof, a copy of the contract between the Turner Timber Company and the said Avera & North-

eastern Railroad Company, which recites that the Turner Timber Company had acquired the right to cut the timber in question, as well as other standing timber. This contract obligated the said railroad company to extend its railroad from its present terminus to the timber in question, called the Dantzler timber, and to begin within five weeks from the date thereof to haul and transport to the mill operated by the timber company at Avera, Mississippi, all logs cut from said lands that might be delivered to it by the said timber company. The compensation to be paid to the railroad company by the timber company for transporting these logs is set forth in the contract, and also the mutual obligations of the respective parties with reference to necessary spur tracks and sidings.

The proceedings in the case at bar were instituted under the provisions of chapter 259 of the Laws of 1920, section 8351, Hemingway's Code of 1927, which reads as follows: "When any person shall desire to have a private road or logging and tram road laid out through the land of another, when necessary for ingress and egress, he shall apply by petition, stating the facts and reasons, to the board of supervisors of the county, which shall, the owner of the land being notified at least five days before, determine the reasonableness of the application; and if the petition be granted, the same proceedings shall be had thereon as in the case of a public road, or logging and tram roads, but damages assessed shall be paid by the person applying for the private road and he shall pay all the costs and expenses incurred in the proceedings. Provided that the right of ingress and egress provided herein shall not be for more than three years, and provided further that either party thereto shall have the right of appeal from the orders of the board of supervisors to the circuit court. That any logging or tram companies granted right-of-way over private land in

said bill shall be compelled to level off right-of-way and fill up all ditches and barrow pits.''

The above-quoted statute amended in certain respects not here material chapter 258 of the Laws of 1920, which in turn was an amendment of section 4411 of the Code of 1906. Section 4411 of the Code of 1906 granted the right to have a private road laid out through the land of another, when such private road was necessary for ingress and egress; while chapter 258 of the Laws of 1920 for the first time added logging and tram roads to the class of roads that might be laid out through the lands of another, when necessary for ingress and egress, but limited the right of ingress and egress over roads so laid out to three years. The constitutional basis or authority for section 4411 of the Code of 1906, and the amendments thereto, is found in section 110 of the Constitution of 1890, and these statutes, authorizing the laying out of private roads of necessity, must be construed in the light of this constitutional provision, which reads as follows: ''The legislature may provide, by general law, for condemning rights of way for private roads, where necessary for ingress and egress by the party applying, on due compensation being first made to the owner of the property; but such rights of way shall not be provided for in incorporated cities and towns.''

Conceding for the purpose of this decision that chapter 259 of the Laws of 1920, section 8351 of Hemingway's 1927 Code, is constitutional, and that a private logging railroad through the lands of the appellee was necessary for ingress and egress by the appellant at the time of the hearing of this cause in the court below, what then is the status of appellant's present right to have such road, in the light of the admitted facts occurring since this appeal was perfected, and which are made the basis of the plea in bar?

This statute authorizes the filing of a petition by any person desiring to have a private road or logging and tram road laid out through the lands of another, when necessary for ingress and egress; but it must be construed in the light of the constitutional provision that the legislature may provide, by general laws, for condemning rights of way for private roads, when necessary for ingress and egress by the party applying for such road. In the case at bar the appellant is the party applying for a right of way for a logging railroad alleged to be necessary for the transportation of certain timber owned by it, but under the admitted facts shown by the plea in bar, the appellant has now disposed of its railroad, and has contracted with another party to cut the timber and manufacture it into lumber at its mill, while the latter party has contracted with a third party to transport this timber to the mill; and this third party has obligated itself to make the necessary extension of the railroad for that purpose. It may be that a right of way across the lands of appellee is necessary in order to enable this third party to carry out the obligations of its contract; but this is not a necessity of the party here applying for the right of way. As was said in the case of Whitefort v. Homochitto Lumber Co., 130 Miss. 14, 93 So. 437, 439, "there must be real necessity before private property can be invaded by a citizen for private purposes, if that can be done at all;" and we will add that such necessity must exist in favor of the party applying for the right to so invade private property. The necessity which will confer a right to take private property for private purposes must exist at the time the right is granted, and the right will end when the necessity ceases to exist; and if at any stage of the proceeding to secure such a right it is made to appear that the right of the party applying for such a road or way has ceased to exist, the proceeding should be dismissed; for, as held in

the case of McDaniel v. Hurt, 92 Miss. 197, 41 So. 381, quoting with approval from the case of Chicago, R. I. & P. Ry. Co. v. Dey, 76 Iowa, 278, 41 N. W. 17, "Where the cause on appeal relates to questions involved in rights which have ceased to exist, the appeal will be dismissed." That matters occurring subsequently to a judgment which operate to waive the rights of the party to have the judgment reviewed, or which show that the rights sought to be established by the party appealing have ceased to exist, are properly presented by a plea in bar of the appeal, is established by numerous decisions of this court. Farmer v. Allen, 85 Miss. 672, 38 So. 38; Adams v. Carter, 92 Miss. 579, 47 So. 409, 16 Ann. Cas. 76; McCaskey Register Co. v. Swor et al. (Miss.), 122 So. 753.

The plea in bar is sustained, and the appeal dismissed.