BRIDGES, P.J.,
for the Court.
¶ 1. T. Mitchell Kalom (Kalom) petitioned the Jackson County Board of Supervisors (Board) for a private way over the land of several adjoining neighbors. The Board heard the petition and the objections of the adjoining land owners and denied the petition. Kalom then appealed the Board’s decision to the Jackson County Circuit Court where the decision was affirmed. From the circuit court’s decision Kalom now appeals on a single issue.
STATEMENT OF THE ISSUE
I. WHETHER THE JACKSON COUNTY BOARD OF SUPERVISORS WAS ARBITRARY AND CAPRICIOUS IN DENYING HIS PETITION FOR PRIVATE WAY? '
FACTS
¶ 2. In April of 2000, Kalom purchased' a forty acre parcel of land in Vancleave, Jackson County, Mississippi, by special warranty deed. This piece of property is landlocked from public roads. A year and a half later Kalom petitioned the Board requesting a private way for ingress and egress naming twenty neighboring landowners as respondents. In particular Ka-lom requested a fifty foot wide and six hundred sixty foot long private way, in a south-west direction, along the property lines of Darryl and Dawn Brady and Curtis Davis. A private way in this direction would connect with a way that already exists over the property of Curtis Davis. The private way on Davis’s property was created, used, owned and maintained by a dozen adjacent landowners.
¶ 3. Kalom testified that his plans for the property were to manage timber and hunting. However, through its discussion with Kalom the Board discovered Kalom also intended to subdivide the property for as many as five homes. He also stated that his reasoning for requesting the private way from the southern part of his property was that it is a shorter distance to the public road and from that route additional bridges and structures would not have to be constructed.
¶ 4. The opposing landowners offered as proof the fact that Kalom sent letters to the adjacent land owners on the north, west, and south boundaries of his land Henry Havens, Kenneth Papania and Darryl Brady respectively. In these letters Kalom did not offer to purchase a private way from those land owners but rather notified them that if they did not give him an easement he would go to the Board. Kalom also sent a letter to Curtis Davis whose land was farther south of his property just beyond Darryl Brady. Davis’s land would also have to be crossed and already had a private way. Kalom also did not offer to purchase a right to use the existing private way even though the dozen or so users of the road had spent thousands of dollars creating and maintaining the private road. James Davis who owns the property adjacent to Ka-lom’s on the eastern boundary was never contacted.
¶ 5. Kalom also proposed the route to run from the north of his property in a westerly direction along the property of *743 Henry Havens but it is boggy and contained no dry access. Any other way created from the north through the Havens’ property would bisect the property. The route suggested to run from the west of his property would have bisected the property of Kenneth Papania going through the location were the Papania’s hoped to build a home. The route considered to the east was not reasonable since it contained a branch of the Bluff Creek and would be more difficult to construct a road.
¶ 6. Additional testimony offered by those opposed was that the northern route was shorter than his proposed southern route. The southern route would run directly over Curtis Davis’s driveway. The eastern route would cross only one property owner before it entered sixteenth section land with public roads. James Brady’s land was fenced-in pasture land for his cattle and creating a private way would require him to remove his fence. Also, the property on the southern boundary, James Brady’s, was the only property bordering Kalom that had a dwelling on it.
ANALYSIS
¶ 7. The standard of review when reviewing a Board’s decision “is substantial evidence, the same standard which applies in appeals from decisions of administrative agencies and Boards.” Wilkinson County Bd. of Supervisors v. Quality Farms, 767 So.2d 1007, 1009(¶8) (Miss. 2000) (citing Barnes v. Bd. of Supervisors, 553 So.2d 508, 511 (Miss.1989)). “The decision of an administrative agency is not to be disturbed unless the agency order was unsupported by substantial evidence; was arbitrary or capricious; was beyond the agency’s scope or powers; or violated the constitutional or statutory rights of the aggrieved party.” Id. (citing Bd. of Law Enforcement Officers Standards & Training v. Butler, 672 So.2d 1196, 1199 (Miss. 1996)). Substantial evidence is “such relevant evidence as reasonable minds might accept as adequate to support a conclusion,” more than a “mere scintilla” of evidence. Id. (citing Johnson v. Ferguson, 435 So.2d 1191, 1195 (Miss.1983)).
I. WHETHER THE JACKSON COUNTY BOARD OF SUPERVISORS WAS ARBITRARY AND CAPRICIOUS IN DENYING HIS PETITION FOR PRIVATE WAY?
¶ 8. Kalom asserts the Board was arbitrary and capricious in its reasoning for denying his petition. Kalom’s request to disturb and invade the property of another is considerable. This State has always held the right to use and control one’s property as sacred. Whitefort v. Homochitto Lumber Co., 130 Miss. 14, 93 So. 437, 439 (1922). Whitefort established the burden Kalom had to prove under Mississippi Code Annotated section 65-7-201 holding: “The statute does not contemplate granting one citizen or corporation a right of way through the property of another citizen or corporation as a matter of mere convenience or as a mere matter of saving expense. There must be real necessity before private property can be invaded by a citizen for private purposes, if that can be done at all.” Id. The Board in its decision found Kalom failed to prove his proposed private way was reasonably necessary and not merely for convenience.
¶ 9. “An administrative agency’s decision is arbitrary if not done according to reason or judgment, but dependent on the will alone. An action is capricious if done without reason, in a whimsical manner, implying either a lack of understanding of or disregard for the surrounding facts and settled controlling principles.” Miss. State Dept. of Health v. Natchez, 743 So.2d 973, 977(¶ 13) (Miss.1999). The *744 Board’s reasoning for its unanimous decision was that there were other routes through which Kalom could gain access to a public road but that Kalom failed to present sufficient evidence that his proposed route was the least intrusive to the current owners and the most reasonable to Kalom. The Board further reinforced its ruling by stating that no proof, other than his own statements, was offered by Kalom regarding the infeasibility of alternate routes.
¶ 10. The decision of the Board would require Kalom to prove that the areas to the north were boggy and would require a bridge. That the only possible road to the west would bisect the location where the Papania’s wished to build their home. Also, all routes to the east would have to cross the Bluff Creek which would also require a road. Kalom could have easily attained such proof by having an expert walk the tract and give his opinion regarding the ease or difficulty of constructing a road, such proof Kalom did not provide. This decision by the Board was done with reason and judgment and in regard for the surrounding facts and principles and lack of proof. Kalom’s claim that the Board’s decision was arbitrary and capricious fails.
¶ 11. On a procedural note the Court would like to bring to the parties’ attention that the procedural requirements of Mississippi Code Annotated section 65-7-201 have been changed since this case was heard in the Circuit Court of Jackson County. Effective April 20, 2003, any petition for private way through the land of another should be brought through an action in eminent domain. Therefore, any future attempts by Kalom to establish a private way for his property should begin by filing his petition with the special court of eminent domain for Jackson County.
¶ 12. THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., SOUTHWICK, P.J., THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.