# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CA-01341-COA

**ROBERT LOVELACE**                                           **APPELLANT**

**v.**

**BOARD OF TRUSTEES OF EAST MISSISSIPPI**          **APPELLEE**
**COMMUNITY COLLEGE**

DATE OF JUDGMENT:              11/01/2023
TRIAL JUDGE:                  HON. JOSEPH KILGORE
COURT FROM WHICH APPEALED:    KEMPER COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:       JAMES A. WILLIAMS
ATTORNEY FOR APPELLEE:        GLEN AUSTIN STEWART
NATURE OF THE CASE:           CIVIL - CONTRACT
DISPOSITION:                  AFFIRMED - 09/09/2025
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., McCARTY AND WEDDLE, JJ.**

**WEDDLE, J., FOR THE COURT:**

¶1.     Robert Lovelace appeals the Kemper County Chancery Court's order denying his appeal and upholding the Board of Trustees of East Mississippi Community College's ("EMCC") decision to not renew his contract. On appeal, Lovelace argues (1) the chancellor erred by excluding evidence that was not before the three-member trustee committee that heard the original complaint, (2) the decision by EMCC's Board of Trustees was arbitrary, whimsical, and capricious, and (3) he was denied due process. Finding no error, we affirm the chancery court's decision.

## FACTS

¶2.     Lovelace, an electro-mechanical instructor, received an official letter on March 18,

2019, from EMCC's president, Dr. Scott Alsobrooks, notifying him that his contract would not be renewed after it expired on May 7, 2019. The letter outlined that the decision was based on the declining demand in Lovelace's discipline, cuts in state funding, and a decrease in enrollment at EMCC. On March 19, 2019, Lovelace requested a meeting with the president's grievance committee. On March 25, 2019, EMCC notified Lovelace that his meeting with the grievance committee was scheduled for March 27, 2019, and he was provided with the applicable EMCC policy.

¶3.     At the meeting, the committee heard arguments from Lovelace in support of his position and considered evidence in support of the decision not to renew his contract. On April 1, 2019, EMCC provided written notice to Lovelace of the committee's decision to uphold the non-renewal of his contract.  On April 2, 2019, Lovelace appealed to the EMCC Board of Trustees to review Dr. Alsobrooks's decision. The board scheduled a hearing on April 18, 2019, before a three-member appeals committee comprised of members of the full board. Pursuant to EMCC policy, the committee was to consider the matter and make a recommendation to the full board at its next meeting. At the hearing, the EMCC appeals committee received evidence from Lovelace and heard testimony and arguments in support of his position.

¶4.     On April 24, 2019, Lovelace requested to be heard before the full board for its May 6, 2019 meeting. On April 30, 2019, Lovelace received a letter from Dr. Alsobrooks notifying him that his request to be heard by the full board was denied because it would be "premature to discuss the issue of [Lovelace's] non-renewal at this time, as the Board will

consider at this meeting the matter of the recommendation of the three-member Trustee Committee that heard [his] appeal. . . ." When the full board met on May 6, 2019, they unanimously voted to accept the appeal committee's recommendation to uphold the non-renewal of Lovelace's contract. Lovelace was notified of the board's decision on May 7, 2019. Aggrieved, Lovelace filed an action in the Chancery Court of Kemper County on May 20, 2019.[1]

¶5.     When Lovelace filed his action in the chancery court, he attached several exhibits to rebut the reasons for his non-renewal.[2] EMCC objected to the entry of the exhibits or their consideration by the chancellor. They argued that the exhibits were never presented to the EMCC board when it made the decision on appeal, and they were not made part of the agreed designation of the record on appeal. The chancellor denied Lovelace's request to enter the exhibits into evidence.

¶6.     Upon review of the parties' briefs and arguments, the chancellor upheld EMCC's decision not to renew Lovelace's contract. Lovelace now appeals the chancellor's decision.

**STANDARD OF REVIEW**

¶7.     In reviewing judgments of the chancery court, "[w]e will not disturb the findings of a chancellor when supported by substantial evidence unless the chancellor abused his

---

[1] EMCC filed its notice of removal to the United States District Court on July 3, 2019. This case was remanded to state court after Lovelace waived his federal claims on October 28, 2019. EMCC filed its answer and affirmative defenses to Lovelace's complaint in state court on September 9, 2021.

[2] The exhibits included figures on enrollment, a budget proposal, and a budget request for the fiscal year ending June 30, 2020, showing the shortfall was not due to state funding cuts but, instead, the federal funding for a new $42,000,000 building.

3

discretion, applied an erroneous legal standard, was manifestly wrong, or was clearly erroneous." *Limbert v. Miss. Univ. for Women Alumnae Ass'n*, 998 So. 2d 993, 998 (¶10) (Miss. 2008) (quoting *Hamilton v. Hopkins*, 834 So. 2d 695, 699 (¶12) (Miss. 2003)).

## DISCUSSION

### I.      Admissibility of Evidence

¶8.     Lovelace argues that the chancellor erred by ruling that his exhibits to his complaint were not admissible. The chancellor correctly held that he did not have the authority to consider the documents because the documents were not a part of the record considered by EMCC in its decision. Our Supreme Court has stated that "[t]he chancery court, in its role as appellate court, is limited in cases such as this to a review of the record made before the administrative agency, in this case the Board of Trustees . . . ." *Tucker v. Prisock*, 791 So. 2d 190, 192 (¶11) (Miss. 2001). Accordingly, we find the chancellor did not err by not considering documents that were not before the EMCC board.

### II.     Administrative Decision to Not Renew Lovelace's Employment Contract

¶9.     In Lovelace's next assignment of error, he alleges EMCC's decision was arbitrary, whimsical, and capricious because it was not based on facts. The standard of review of a Board's decision "is substantial evidence, the same standard which applies in appeals from decisions of administrative agencies and Boards." *Kalom v. Brady*, 872 So. 2d 741, 743 (¶7) (Miss. Ct. App. 2004). After reviewing the evidence submitted to the board, the chancellor held that the board met its burden of proof as to substantial evidence.

¶10.    The EMCC board unanimously upheld Dr. Alsobrooks's decision to not renew

4

Lovelace's contract because of the "declining demand to Lovelace's disciplines, combined with cuts in state funding, and lagging enrollment across the college and assurances of the same conditions for the next fiscal year." This Court has held that "[t]he decision of an administrative agency is not to be disturbed unless the agency order was unsupported by substantial evidence, was arbitrary or capricious, was beyond the agency's scope or powers, or violated the constitutional or statutory rights of the aggrieved party." *Hale v. Miss. State Bd. of Exam'rs for Licensed Prof. Couns.*, 130 So. 3d 1180, 1182-83 (¶7) (Miss. Ct. App. 2014). "An administrative agency's decision is arbitrary if not done according to reason or judgment, but dependent on the will alone. An action is capricious if done without reason, in a whimsical manner, implying either a lack of understanding of or disregard for the surrounding facts and settled controlling principles." *Kalom*, 872 So. 2d at 743 (¶9) (quoting *Miss. State Dep't. of Health v. Natchez*, 743 So. 2d 973, 977 (¶13) (Miss. 1999)).

¶11.    EMCC's policies and procedures manual outlines that a reduction in the total number of full-time employees is necessary in circumstances such as "a lack of sufficient funds, structural realignment, declining enrollment at the College, and/or declining enrollment in a given program." The evidence before the board reflected that there was a decline in enrollment and a lack of sufficient funds at EMCC. The record reflects that in the 2017-2018 school year, a total of 60 students were in the Electro-Mechanical Department, but in the 2018-2019 school year, there were 30 students. The record also included an email sent on March 5, 2019, from Dr. Alsobrooks notifying all faculty and staff of a budget-and-hiring freeze due to the enrollment decline. Additionally, the transcript from the April 18, 2019

5

subcommittee hearing shows one of the committee members revealed that EMCC was projected to lose over one million dollars. He stated that "[t]here's going to have to be some cuts because the State also cut back on some funding." After a review of the record, we find the decision of the Board of Trustees was supported by substantial evidence and was not arbitrary, whimsical, or capricious.

### III.    Due Process

¶12.    Lastly, Lovelace contends that he was denied due process by EMCC denying him an appearance before the full board. Under Mississippi law, "[i]n order to satisfy due process in agency proceedings, 'agency actions must provide minimum procedural due process, which requires (1) notice and (2) an opportunity to be heard.'" *Langley v. Miss. State Bd. of Educ.*, 379 So. 3d 352, 366 (¶55) (Miss. Ct. App. 2023) (quoting *Richards v. Miss. Dep't of Pub. Safety*, 318 So. 3d 1150, 1162 (¶59) (Miss. Ct. App. 2020)). After Lovelace received the letter notifying him of the decision to not renew his contract, he appealed to the EMCC board. The chair of the EMCC board notified Lovelace that a hearing was scheduled for April 18, 2019, before a three-member committee comprised of members of the Board of Trustees. The chair enclosed a copy of the EMCC policy governing the appeal. The policy states in pertinent part:

> The grievant and the respondent shall be notified of meeting by the President's Grievance Committee to be held within 10 business days of the request. The committee shall review the grievance and appeal documentation and interview both the grievant and the respondent. The committee shall vote on either granting or denying the appeal. If the appeal is granted, then the committee shall establish the remedy for the original grievance and the committee chair shall submit it in writing to the grievant and the respondent within five business days after the meeting. . . . There are no further appeals.

6

Pursuant to the board's policy, the grievance committee members met on March 27, 2019; they received evidence and heard arguments from Lovelace; and they considered evidence in support of the decision to not renew his contract. On April 1, 2019, Lovelace was notified that the grievance committee upheld Dr. Alsobrooks's decision to not renew his contract. Lovelace then met before a three-member appeals committee on April 18, 2019. The EMCC appeals committee received evidence from Lovelace and heard testimony and arguments in support of his position before making a recommendation to the full board. Thus, we find Lovelace was provided sufficient notice and an opportunity to be heard to satisfy his procedural due process rights.

## CONCLUSION

¶13. The chancellor did not err by ruling that Lovelace's exhibits to his complaint were not admissible; the record provides substantial evidence to support the decision of EMCC's Board of Trustees to uphold the non-renewal of Lovelace's contract; and Lovelace was provided sufficient notice and an opportunity to be heard to satisfy his procedural due process rights. Accordingly, we affirm.

¶14. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER AND LASSITTER ST. PÉ, JJ., CONCUR.**