ROBERTS *v.* PRASSENOS, et al.

Jan. 4, 1954

No. 39034 47 Adv. S. 55 69 So. 2d 215

*O. L. McLeod, M. M. Roberts,* Hattiesburg, for appellant.

*Donald W. Cumbest,* Pascagoula, for appellees.

McGEHEE, C. J.

This is a proceeding on petition of George N. Prassenos and others to have a private road laid out through the land of the appellant M. J. Roberts in Jackson County. The petition was filed during the latter part of the year 1952 before the board of supervisors for that purpose, and recited that ''Your petitioners will pay whatever damages might be properly assessed for the opening of said road together with the cost of said proceedings.''

However, the petition as submitted to the board, and which was made a part of the bill of exceptions on appeal to the circuit court was signed as follows:

"George N. Prassenos

"E. W. Strickler

"H. C. Strickler

"E. L. Rainwater

"C. N. Williams

"J. H. Williams

"Successors to Ray Saw Mill Co.

"By U. S. McGowin

"(Without agreeing to pay any costs or damages, attorneys fees, etc.)"

On January 6, 1953, the board of supervisors adopted and placed on its minutes an order which undertook to locate the private road across the property of the appellant M. J. Roberts, as such location was proposed in the petition as follows: "The Southern terminus of said road to be approximately one quarter of a mile north of the Section line that divides Section 18 and 19 of Township 5 South, Range 4 West, which point is close to the dividing line which divides the east and west half of said Section 18. The northern terminus of said road to be at the loop road which leaves the so-called Mobile Road just east of the East end of Brouns Bridge and moves southeasterly near the home of M. J. Roberts, then northerly into the Mobile Road again."

It will be noted that the starting point of the proposed private road is left indefinite as to whether it is to be on the east or left side of the dividing line between the east and west half of Section 18; also that the northern terminus of the proposed road is to be "at the loop road" and it is stated that the same "leaves the so-called Mobile Road just east of the east end of Brouns Bridge and moves northeasterly near the home of M. J. Roberts, then northerly into the Mobile Road again." Thus it will be seen that in locating the northern terminus of

the proposed private road, it is specified just where the loop road leaves the Mobile Road, but not where the northern terminus is to be on the loop road.

As to the sufficiency of the location of the proposed private road, the appellees cite the case of Armstrong, et al. v. Itawamba County, 195 Miss. 802, 16 So. 2d 752. But in that case the location of the public road was described to be "as it now runs across the lands of the defendant Ralph Armstrong and Elizabeth Armstrong," giving the general course thereof, whereas in the instant case the proof shows that there has been no road through the farm and fields of the appellant since he built a fence across and began cultivating the same after the construction of the CCC Road in 1937. In the Itawamba County case the road in question had been in the same location over fifty years and there had been no change in the location thereof "within the memory of any of the witnesses in the case." We think that case is distinguishable from the case at bar on its factual situation. However, we do not base this decision upon the alleged insufficiency of the location of the proposed private road.

Be that as it may, the sole authority that the board of supervisors had for establishing the private road through the land of the appellant is derived from Section 8419, Code of 1942 (Chapters 258 and 259, Laws of 1920), enacted pursuant to Section 110 of the Mississippi Constitution of 1890 which reads as follows: "The legislature may provide, by general law, for condemning rights of way for private roads, where necessary for ingress and egress by the party applying, on due compensation being first made to the owner of the property; * * *."

Section 8419, Code of 1942, *supra*, reads as follows: "When any person shall desire to have a private road laid out through the land of another, when necessary for ingress and egress, he shall apply by petition, stating

the facts and reasons, to the board of supervisors of the county, which shall, the owner of the land being notified at least five days before, determine the reasonableness of the application; and, if the petition be granted, the same proceedings shall be had thereon as in the case of a public road; but the damages assessed shall be paid by the person applying for the private road, and he shall pay all the costs and expenses incurred in the proceedings.''

Thus it will be seen that under both Section 110 of the Constitution and the statute enacted pursuant thereto, it is required that the proposed private road across the land of another shall be ''necessary for ingress and egress'' by the party petitioning therefor; also that both the constitutional provision and the statute requires that the owner of the land is to be compensated for the easement.

In the instant case, the signers of the petition clearly specified that they had signed the same ''Without agreeing to pay any cost or damages, attorneys fees, etc.'' If we look to the language of the petition itself, we find that the petitioners say that they ''will pay whatever damages might be properly assessed for the opening of said road together with the cost of said proceedings.'' In other words, this language indicates a willingness to pay whatever damages might be incurred for opening up and constructing the private road through the land of the appellant, together with the cost of proceedings before the board of supervisors, but it does not contain an offer to pay the owner for the proposed easement, but merely the cost of laying out and constructing the road. More important, however, is the fact that the petitioners did not sign the petition in a manner so as to agree to any offer therein contained as to the payment of damages, costs, etc., but they clearly specified the contrary by the words in that regard which appear underneath their signatures on the petition.

The order of the board of supervisors which recited that the petition "be and same is hereby sustained" is silent as to whether or not the petitioners are to be required to compensate the owner of the land for the proposed easement. Moreover, the record discloses that only two or three of the petitioners reside in this state; that one or more of them own no land in the area to be served by the proposed private road and that some of the petitioners are residents of Alabama.

The case was heard on appeal to the circuit court on a bill of exceptions which consisted of all of the pleadings and of the evidence taken and transcribed at the hearing before the board of supervisors. The circuit court affirmed the order of the board of supervisors and remanded the cause to the board for further procedure "in accordance with the provisions of Sections 8314, 8315 and 8316, Miss. Code of 1942, and other applicable statutes for the laying out and marking, and awarding damages for the private road granted in and by said order of the board of supervisors and this judgment affirming same."

In the case of Whitefort v. Homochitto Lumber Company, 130 Miss. 14, 93 So. 437, the Court said: "The question of the constitutionality of Chapters 258 and 259, Laws of 1920, (Section 8419, Code of 1942) is serious, but we do not find it necessary now to decide the constitutionality of such statute. In our opinion the proceedings before the board of supervisors did not present a case coming within the statute. The statute undertakes to grant a right of way where necessary for ingress or egress. We think that under the statute, if it be constitutional, the petitioner, lumber company, must show that it has been unable to obtain a right of way by contract or agreement not only from the party whose property he seeks to invade, but by any other reasonable way he seeks to secure from other persons a right of way. In other words, the petition must show on its face

that there is no other land over which the lumber company might secure a right of way, and must show effort to obtain such right of way from such other owner. The petition does not show any reason why such other right of way would not be usable for the purpose, nor that it cannot be obtained by grant. The statute does not contemplate granting one citizen or corporation a right of way through the property of another citizen or corporation as a matter of mere convenience or as a mere matter of saving expense. There must be real necessity before private property can be invaded by a citizen for private purposes, if that can be done at all. The right to the control and use of one's property is a sacred right, not to be lightly invaded or disturbed. When property may be taken from a citizen for any purpose by law, the method for so doing must be strictly pursued, and the party seeking to take the property of another must come squarely within the statute.''

There was neither allegation nor proof that the petitioners had attempted to acquire by contract or purchase an easement for a private road through the farm and fields of the appellant, it merely being shown that after a road was laid out and constructed over other lands by the Civil Conservation Corps of the United States Government in 1936 or 1937, which circled into Alabama and back into Mississippi, and which CCC Road the petitioners had been using for access to their lands since the time of its construction, the appellant fenced up what is claimed to have been a road through his land prior to the time the petitioners began to use the CCC Road, and that he has objected to some of the petitioners going through his farm and fields since that time.

Finally, the proof discloses that such of the petitioners who own lands in the area that is proposed to be served by the proposed private road still have access to their land over the CCC Road by traveling about four miles over such road and for a good portion of the way in Alabama, whereas the proposed private way through the

farm and fields of the appellant would greatly shorten the route to their land and be of considerable convenience to the petitioners.

The petitioner George N. Prassenos died between the time of the hearing before the board of supervisors and the decision of the appeal in the circuit court. As to him the cause was revived in the name of his widow, the appellee, Mrs. Lena Prassenos, and their children. Only one of the petitioners has resided in the area near the lands of the appellant within the past several years, and at such times as any of them have had need to go to their lands they have used the CCC Road to gain access thereto at all times since about the year 1937. For the reasons hereinbefore stated, we are of the opinion that the board of supervisors was without authority to sustain this petition and that the same should have been dismissed at the cost of the petitioners, without prejudice to the right to institute another proceeding.

Reversed and judgment here for the appellant.

*Hall, Kyle, Arrington* and *Lotterhos, JJ.,* concur.