Quinn, et al. *v.* Holly, et ux.

No. 42436          November 12, 1962          146 So. 2d 357

*Merle F. Palmer,* Pascagoula, for appellants.

*Joe A. Moore,* Pascagoula, for appellees.

McGᴇʜᴇᴇ, C. J.

This proceeding was brought under the provisions of Sec. 8419, Miss. Code of 1942, Rec., before the Board of Supervisors of Jackson County, Mississippi, on the petition of the appellees to have a private road laid out through the land of the appellants, so as to afford them access from a home that they propose to build on the north part of their land, to the Gautier-Vancleave public road. The petition was granted by the Board of Supervisors and there was an appeal to the circuit court where the judgment of the Board was affirmed.

Sec. 8419, Code of 1942, supra, reads as follows: "When any person shall desire to have a private road laid out through the land of another, when necessary for ingress and egress, he shall apply by petition, stating the facts and reasons, to the board of supervisors of the county, which shall, the owner of the land being notified at least five days before, determine the reason-

ableness of the application; and, if the petition be granted, the same proceedings shall be had thereon as in the case of a public road; but the damages assessed shall be paid by the person applying for the private road, and he shall pay all the costs and expenses incurred in the proceedings."

■■■ ■ The foregoing statute was enacted pursuant to the provisions of Sec. 110 of the Mississippi Constitution of 1890, which provides as follows: "The legislature may provide, by general law, for condemning rights of way for private roads, where necessary for ingress and egress by the party applying, on due compensation being first made to the owner of the property; but such rights of way shall not be provided for in incorporated cities and towns." The question as to the constitutionality of this statute was suggested by the Court as being serious in the case of Whitefort v. Homochitto Lbr. Co., 130 Miss. 14, 93 So. 437, but we are of the opinion that since the statute was enacted pursuant to Sec. 110 of the State Constitution, and in strict accordance therewith, the same is constitutional.

In 72 C. J. S., Private Roads, Sec. 4, p. 921, it is stated: "The power to grant a private road is an exercise of the right of eminent domain. Accordingly, as the power to exercise the right of eminent domain is in the legislature as representing the sovereignty of the state, it necessarily follows that the power to authorize the laying out of a road exists only where it has clearly been conferred by legislative enactment, conforming to the limitations imposed by the constitution on the lawmaking power, and then only under the circumstances and conditions prescribed by the enactment."

In 18 Am. Jur., Eminent Domain, Sec. 59, p. 686, it is stated: "In many states statutes have been passed providing for procedure by which an individual may have the property of another person condemned for

the purpose of making a road or right of way to his property.''

Since the proceeding is likened unto a proceeding in eminent domain, it is essential that the landowner should not only be paid the fair, cash market value of the land taken but also the damages resulting from the taking to the remainder of the property. In this case the value of the land actually taken for the private road was required to be paid for at its market value, but no damages were assessed as having accrued to the remainder of the property of the landowner by reason of the taking.

The appellees, Holly and Wife, are the owners of a ten-acre tract of land described as the SW¼ of the SE¼ of the NE¼ of Sec. 26, Township 7 South, Range 7 West, in Jackson County, Mississippi. The property to the north, east and west of the north part of this ten-acre tract of land, consisting of 500 to 600 acres, is owned by the appellants, John W. and William Clark Quinn. The aforesaid tract of the appellees is divided by the Mary Walker Bayou which runs in a northwesterly and southeasterly direction, leaving approximately seven and one-half acres of the ten-acre tract on the north and east side of the bayou and two and one-half acres on the south and west side thereof. The defendants in the proceeding, John W. and William Clark Quinn, pled as a defense that the petitioners ''have access to the east portion of their property and have had said access for a number of years through a road which they let grow up in bushes and have not used it; and that the petitioners could have and can have access to the north part of their property by crossing Mary Walker Creek by simply constructing a bridge over the stream as the county has done several hundred feet above.'' Moreover, the appellants contend that the proposed road, as granted by the board of supervisors, would be 1300 feet long and 50 feet wide across their property ''on the

north side of the Mary Walker Creek" and would split their property in two and would make it unavailable for development purposes in the future, for which they intend to use said property; and it is not shown that a private road 50 feet in width is reasonably necessary.

■ ■ We have concluded that the requirement in Sec. 8419, supra, that the private road be "necessary for ingress and egress" only means that the same should be reasonably necessary and practical and not absolutely necessary; and that to construe the statute otherwise would defeat the wholesome purpose for which the same was enacted. ■ ■ At any rate, the case must be reversed and remanded since we do not think that the judgment, as entered, covers the damage to the remaining property of the landowners by virtue of the taking of this strip for the private road, and we do not think it is clear from the proof as to what is meant by there being access to the petitioners "for a number of years through a road which they have let grow up in bushes", and which would allegedly have afforded the petitioners reasonable access to their property over land other than that of the defendants. We think that the case should be reversed for a clear development of all of the facts, location of the roads, et cetera.

Reversed and remanded.

*Ethridge, McElroy, Rodgers and Jones, JJ.*, concur.