JONES, Justice.
Appellant brings this case here from the Circuit Court of Lauderdale County, which affirmed an order of the board of supervisors of that county granting to appellees a private roadway for ingress and egress, which order was entered on a petition and after a hearing as provided by section 8419 Mississippi Code 1942 Annotated (1956). We find no prejudicial error in the record and are affirming the case.
The northeast corner of the forty acres owned by appellees cornered with the southwest corner of twenty-seven acres, more or less, owned by appellant. Prior to or about the time of the purchase by appel-lees of the forty acres owned by them and on which they had, at the time of this hearing, built a fishing lake and erected fences, one of the appellees approached appellant about a way of ingress and egress across appellant’s property. It is shown by the record that there was no other available or reasonable means of ingress or egress.
The parties at that time reached an oral agreement, and appellees constructed a roadway from the northeast corner of their land over a .portion of appellant’s land to connect with the public road. The record shows the appellees also contributed to the construction by the appellant of another road upon his land.
The road was used for some time until a disagreement between the parties erupt *782 ed. Thereupon a suit was filed in the Chancery Court of Lauderdale County, Mississippi, seeking to have that court declare that the complainants, appellees in the present case, had “an irrevocable license” to cross the lands of the defendants, appellants in the present case. An injunction to prevent interference with the use of such license was sought by the bill, and the defendants demurred. The chancery court granted a temporary injunction and overruled the demurrer. This court reversed, and the case was remanded so that, if desired, the complainants might seek to recover sums expended by them. The facts relative to such agreement are stated in that decision, which appears as Reid v. Horne, 187 So.2d 316 (Miss.1966).
After this Court had decided the present appellees had no basis on which to maintain their claim to the way of ingress and egress that they had been using under agreement, this proceeding was filed before the Board of Supervisors of Lauder-dale County. Appellant now raises objections to the petition and claims lack of jurisdiction. However, the petition is distinguishable from those in the cases on which he relied. We are of the opinion that the petition was sufficient to confer jurisdiction upon the board of supervisors, and the order of the board of supervisors, granting the relief sought, complies in all respects with the jurisdictional facts required in such a case.
Appellant presents questions of pleading, basing his argument upon section 1475.5 Mississippi Code 1942 Annotated (1956). This section is in the chapter on circuit courts and by its own terms is applicable to circuit courts. It would have no application to proceedings before the board of supervisors such as this proceeding.
At the hearing, evidence was presented showing the previous agreement between the parties and the cause disrupting and eliminating that agreement. Appellant assigns the allowance of these facts as error. We see no harmful error in the admission of these facts since they showed the reasonableness, at least, of the way being sought by appellees and an effort by appellees to obtain an outlet.
Appellant assigns as error the action of the board of supervisors in admitting oral evidence relative to an attempt to negotiate or purchase a right-of-way over the above land by appellees prior to the filing of these proceedings before the board of supervisors. We see no error in this and think the cases cited by appellant are easily distinguished.
Appellant complains of the supervisors’ permitting appellee to testify that he was willing to pay the amount of damages, etc., if the board of supervisors granted the easement prayed for as shown by the record. Certainly this could not be harmful error, if error at all, because the statute itself provides the damages assessed shall be paid by the person applying for the private road and that he shall pay all the costs and expenses incurred in the proceedings.
It was asserted by appellant on the hearing that the granting of an outlet over appellant’s land would be a vain and useless thing because there was a small tract of property owned by another party over which appellees would have to pass in order to reach the outlet given across appellant’s land. The land in question was owned by the heirs of a Mr. Cannada, whose wife had given a letter by which she agreed to allow appellees the use of a strip across her property connecting with the outlet requested. This evidence was admitted in answer to the contention by appellant.
It is said the board of supervisors erred in overruling appellant’s motion to dismiss the petition of appellee. As heretofore stated, we think the petition disclosed the necessary jurisdictional facts, and certainly the order as made by the *783 board of supervisors showed that it was exercising its jurisdiction in strict accord with the statute and decisions of this state.
The appellant undertook to prove the legal expenses which he had incurred in and about the trial of this cause and also to prove the amount of appraisal fees and expenses he had incurred in the preparation for the trial or the cause. He further asked that he be permitted to prove the amount of expenses incurred in obtaining the service of a court reporter to attend the hearing and record the evidence.
We do not feel that the first two items need discussion. We do not believe under any stretch of the imagination that those matters would be a part of the costs of the proceedings provided by the statute. See Miss.Code 1942 Ann. § 8419 (1956).
Appeals to the circuit court from orders of the boards of supervisors are governed by section 1195, Mississippi Code 1942 Annotated (Supp.1966), and the method therein prescribed is by a bill of exceptions. No provision is made for a stenographer or court reporter. At the beginning of the case the attorney for ap-pellees announced, “We would like the record to show that we have not requested the court reporter and that it has been done at the instance of the defendant in the matter.” To which the attorney for the appellants replied, “That is correct.” Inasmuch as the statute does not provide for a court reporter before the board of supervisors, but provides for orders of the board to be appealed by bill of exceptions, we do not think the expense of the stenographer would be chargeable to the appel-lees and that the board was correct in disallowing this cost.
The next assignment is that the Circuit Court of Lauderdale County erred in affirming said proceedings. What we have said hereinbefore amounts to a holding that the circuit court was correct in affirming.
The board of supervisors had before it this petition to grant to a private individual means of ingress and egress over the properties of others by virtue of section 8419, supra, which statute has been held constitutional. Quinn v. Holly, 244 Miss. 808, 146 So.2d 357 (1962). It was also held in that case that under this section it was enough that the road be reasonably — not absolutely — necessary. In the same case it was decided that the landowner should be paid the fair value of the land taken and any damages to his remaining property.
The board of supervisors, having before it maps and other evidence and having gone upon the property for the purpose of viewing it, entered its order holding that the private way petitioned to be established was necessary for the petitioners and was the only reasonable means of ingress and egress for the petitioners. There was conflict in the evidence as to whether there were other roads over which the appellees might travel, one being to the east and another to the north; but there was evidence that these roads were not usable and did not extend to the appel-lees’ land. It was also indicated that it was not feasible to extend these two roads to appellees’ land. In addition to this evidence, the board also viewed the property. The board was supported by evidence and presumably by its inspection in holding that the outlet requested was the only reasonable means of ingress and egress for the petitioners. The board also held the appellant was entitled to be paid by the petitioners the sum of $1,000, being a reasonable amount for the value of the land taken and damages to the rest of his property. It further provided that the cost of these proceedings be taxed against the appellees, Horne and his wife. The record shows that appellees paid the $1,000, and no question is raised in this Court either as to the reasonableness of the amount thereof or as to its payment. The circuit judge examined the record on appeal; and he, after having heard oral arguments *784 and having read the record along with the submitted briefs, concluded that the proceedings were without prejudicial error and affirmed the action of the board. We also affirm such action.
Affirmed.
GILLESPIE, P. J., and RODGERS, BRADY and SMITH, JJ., concur.