766 So.2d 3 (2000)
Chloe F. GANIER, individually, The Estate of Eugene B. Ganier, Eugene B. Ganier Testamentary Trusts and Lynda Lee Ganier Stock, Appellants,
v.
George MANSOUR, Jr., Appellee.
No. 1999-CA-00283-COA.
Court of Appeals of Mississippi.
April 4, 2000.
Rehearing Denied June 13, 2000.
Certiorari Denied August 31, 2000.
*4 L. Carl Hagwood, Greenville, Kyle L. Holifield, Jackson, Attorneys for Appellants.
Martin A. Kilpatrick, Greenville, Attorney for Appellee.
BEFORE KING, P.J., BRIDGES, AND MOORE, JJ.
MOORE, J., for the Court:
¶ 1. The Washington County Circuit Court reversed a decision of the Washington County Board of Supervisors to grant a particular easement to appellee George Mansour, Jr. over land owned by appellants Chloe F. Ganier, et al., and ordered an alternative easement over Ganier's land. Aggrieved by the more burdensome easement, Ganier cites the following issues on appeal
I. AS A MATTER OF LAW, SHOULD A PETITION TO ESTABLISH A PRIVATE RIGHT OF WAY UNDER MISS. CODE ANN. § 65-7-201 BE DENIED WHEN THE LANDLOCKED PETITIONER HAS NOT ATTEMPTED TO IMPROVE OR UTILIZE AN EXISTING REASONABLE IMPLIED RIGHT OF WAY TO HIS PROPERTY OVER THE REMAINING PROPERTY OF HIS GRANTOR?
II. AS A MATTER OF LAW, WHEN THE EVIDENCE PRESENTED TO THE BOARD OF SUPERVISORS ON A PETITION TO ESTABLISH A PRIVATE RIGHT OF WAY UNDER MISS. CODE ANN. § 65-7-201 IS IN CONFLICT AS TO THE EXISTENCE OF OTHER REASONABLE ROUTES OF ACCESS, WHEN MEMBERS OF THE BOARD HAVE ACTUALLY INSPECTED THE PROPERTY AND CHOSEN ONE OF THOSE OTHER REASONABLE ROUTES OVER THE ROUTE REQUESTED BY THE PETITIONER, MAY THE CIRCUIT COURT SUBSTITUTE ITS OWN JUDGMENT FOR THAT OF THE BOARD OF SUPERVISORS AND GRANT THE PETITIONER AN EASEMENT ON THE ROUTE REQUESTED RATHER THAN THE OTHER REASONABLE ROUTE CHOSEN BY THE BOARD OF SUPERVISORS?
III. AS A MATTER OF LAW, CAN THE CIRCUIT COURT SUBSTITUTE ITS OWN JUDGMENT FOR THAT OF THE BOARD OF SUPERVISORS WHERE THERE WAS SUBSTANTIAL EVIDENCE SUPPORTING THE DECISION OF THE BOARD OF SUPERVISORS TO GRANT A PRIVATE WAY ALONG AN ALTERNATIVE ROUTE FROM THE ONE REQUESTED BY THE PETITIONER?
Finding merit we reverse and remand to the Board for proceedings consistent with this opinion.

I. FACTS
¶ 2. In 1989, George Mansour, Jr. and others acquired an eighty acre tract of land ("Mansour tract") in Washington County, Mississippi, from South Rainbow Farm Corporation ("South Rainbow"). Soon thereafter, Mansour became the sole owner of the Mansour tract. South Rainbow retained a large block of land which abutted the northwest corner of the Mansour tract. Historically, South Rainbow accessed the Mansour tract from Oil Well Road, a road maintained by the county, and across South Rainbow land. The Mansour tract was not adequate for farming, *5 but was excellent for duck hunting. Although Mansour knew the Mansour tract was land-locked, he made no effort to procure an easement for ingress and egress from South Rainbow when he purchased the property. South Rainbow sold the portion of land that abuts the Mansour tract at the northwest corner to Larry Eifling. Louise Meek Loughran owns the land which abuts the Mansour tract at the northeast corner. Land owned by Ganier completely surrounds the Mansour tract other than at the northwest and northeast corners. To access the Mansour tract, Mansour would have to traverse South Rainbow and Eifling land along the historical route, or Loughran or Ganier land.
¶ 3. In 1989, after Mansour purchased his tract, Ganier built Ganier Road. Ganier Road is a gravel road which bisects prime farmland owned by Ganier and farmed by co-owner Linda Ganier Stock and her husband George Stock. Ganier established the commercial hub of the farming operations on Ganier Road. Ganier runs a lot of heavy farming equipment over the road and, when necessary, blocks the road with large irrigation pipes to reach her cotton crops. Ganier's farm manager established his residence on Ganier Road, and several structures were built along the road including a building to house equipment, grain bins, a shop, and other buildings from which she conducted her farming operation. There is also a pecan grove along Ganier Road, which requires security to prevent theft during the pecan harvesting season.
¶ 4. From 1989 to 1993, Mansour did not traverse Ganier property to access the Mansour tract. In 1993, in settlement of Mansour's first petition for establishment of a right of way filed before the Washington County Board of Supervisors (the "Board"), Ganier gave Mansour a private license to use Gainer Road during November, December, January, and February of each year. The parties agreed that the private license was not to be made public or recorded. Shortly thereafter, Mansour applied for participation in a Wetland Reserve Program sponsored by the National Resource Conservation Service ("NRCS") of the United States Department of Agriculture.
¶ 5. The Wetland Reserve Program would be lucrative for Mansour if he could qualify. In return for year-round access to the Mansour tract, NRCS would pay Mansour $30,000. Mansour would retain the ownership and use of his property, and could continue duck-hunting on his property. To qualify for the program, Mansour had to procure and record an easement that would make the Mansour tract traversable by a normal passenger vehicle. Mansour explained his predicament to Mrs. Ganier Stock, and asked her to approve an easement over Ganier Road. Mrs. Stock, who was scheduled for cancer surgery the following day, tentatively assented and referred Mansour to her attorney. Mansour later discovered that the Ganier family would not voluntarily grant him an easement over Ganier Road.
¶ 6. Mansour again petitioned the Board to establish a private right of way over Ganier Road. Two Board members inspected the property before the hearing. The Board heard testimony about possible routes to the Mansour tract, including a route dubbed the "Pink Line" route which Ganier volunteered as an alternative to Ganier Road. An easement over the Pink Line route went around the perimeter of Ganier property and did not bisect Ganier farmland as did Ganier Road. The Pink Line route would have required Mansour to clear some trees, build a gravel road, and install one culvert over a drainage ditch. By a vote of three to one, the Board granted an easement over the Pink Line route. The Board ordered Ganier to supplement the record with a legal description of the property to be subject to the easement and awarded her compensation of $2,000 per acre of the land burdened by the easement. The Board did not assess costs of the proceedings or order *6 compensation for damages to the surrounding land.
¶ 7. Aggrieved that he did not get an easement over Ganier Road, Mansour appealed the Board's decision to the Washington County Circuit Court. Without explaining its reasons or indicating that it understood and applied the appropriate standard of review, the circuit court reversed the Board's decision and granted Mansour an easement over Ganier Road.

II. LAW AND ANALYSIS

I. AS A MATTER OF LAW, SHOULD A PETITION TO ESTABLISH A PRIVATE RIGHT OF WAY UNDER MISS. CODE ANN. § 65-7-201 BE DENIED WHEN THE LANDLOCKED PETITIONER HAS NOT ATTEMPTED TO IMPROVE OR UTILIZE AN EXISTING REASONABLE IMPLIED RIGHT OF WAY TO HIS PROPERTY OVER THE REMAINING PROPERTY OF HIS GRANTOR?
¶ 8. Ganier has questioned the authority of the board of supervisors to provide any kind of private access to Mansour over his property since Mansour has a available easement of necessity over the tract out of which his parcel was carved. Were that issue to have merit, the proper relief to be granted in this appeal would be, not only to reverse the circuit court's order, but also to set aside the board of supervisor's order granting access over Ganier property along the Pink Line. However, Ganier appears to have abandoned that issue by failing to provide any argument in support of it and, instead, urges this Court to affirm the order of the board of supervisors, subject only to a remand for the determination of the proper amount of damages for the acquisition of the private way over the Pink Line. We, therefore, will not consider the merits of the first issue raised in this appeal.
¶ 9. The two remaining issues may be narrowed down to one:

II. DID THE CIRCUIT COURT OF WASHINGTON COUNTY ERR IN REVERSING THE BOARD'S GRANT OF AN EASEMENT OVER THE PINK LINE ROUTE?
¶ 10. Ganier argues that instead of acting in the capacity of an appellate court, the circuit court substituted its own judgment for that of the Board. Ganier claims that if the circuit court had reviewed the Board's decision under the appropriate standard of review, the court would have been obliged to affirm. Mansour argues that the Board's decision was arbitrary and capricious; therefore, the circuit court was correct in reversing the Board and in granting Mansour's requested easement. In advancing this argument, Mansour stated that an easement over Ganier Road was the only reasonable easement that could have been granted.
¶ 11. The Board's task was to review and decide whether the owner of a land-locked tract of land, without a legally established means of ingress and egress, was entitled to an easement over neighboring land. The Board had to accomplish this task while keeping in mind the competing interests of a family of farmers who own land surrounding the land-locked tract. Our function as a reviewing Court is not to judge how to balance the competing rights; rather, our duty is to determine whether the Board's decision should stand under the prevailing standard of review.
¶ 12. The standard of review of an order of a Board of Supervisors is the same standard which applies in appeals from the decisions of administrative agencies. Barnes v. Board of Supervisors, 553 So.2d 508, 511 (Miss.1989). "The decision of an administrative agency is not to be disturbed unless the agency order was unsupported by substantial evidence; was arbitrary or capricious; was beyond the agency's scope or powers; or violated the constitutional or statutory rights of the aggrieved party." Board of Law Enforcement *7 Officers Standards & Training v. Butler, 672 So.2d 1196, 1199 (Miss.1996). See also Van Meter v. City of Greenwood, 724 So.2d 925 (Miss.1998).
¶ 13. Appeals from a board of supervisors or municipal authority are made to the circuit court by the party aggrieved. The parties prepare a bill of exceptions, which is signed by the board of supervisor's president, which embodies the facts, judgment, and decision involved in the Board proceedings. Miss.Code Ann. § 11-51-75 (1972). "The bill of exceptions serves as the record on appeal," and the circuit court must limit its review to the "`case made by the bill of exceptions.'" Van Meter v. City of Greenwood, 724 So.2d at 928 (citing Stewart v. City of Pascagoula, 206 So.2d 325, 328 (Miss.1968)). We must review Mississippi law governing the establishment of an easement for ingress and egress to determine whether the case made by the bill of exceptions supports the Board's decision.
¶ 14. Miss.Code Ann. § 65-7-201 (Rev.1991) allows the owner of land-locked land to petition the board of supervisors if he desires to have a private road laid out through someone else's land when necessary for ingress and egress. In determining the meaning of "necessary" the Mississippi Supreme Court has held:
The statute does not contemplate granting one citizen or corporation a right of way through the property of another citizen or corporation as a matter of mere convenience or as a mere matter of saving expense. There must be real necessity before private property can be invaded by a citizen for private purposes, if that can be done at all. The right to the control and use of one's property is a sacred right, not to be lightly invaded or disturbed.

Whitefort v. Homochitto Lumber Company, 130 Miss. 14, 93 So. 437, 439 (1922) (emphasis added). See also Rotenberry v. Renfro, 214 So.2d 275, 278 (Miss.1968); Roberts v. Prassenos, 219 Miss. 486, 492, 69 So.2d 215, 217 (1954). "Necessity" means reasonable necessity, not absolute necessity. Alpaugh v. Moore, 568 So.2d 291, 295 (Miss.1990) (citing Quinn v. Holly, 244 Miss. 808, 813, 146 So.2d 357, 359 (1962)). See also Reid v. Horne, 208 So.2d 780,783 (Miss.1968).
¶ 15. Mansour cited Alpaugh, Rotenberry, and Reid to support his argument that an easement over Ganier Road was reasonably necessary. In Alpaugh, the petitioners proved reasonable necessity to establish a right of way over Alpaugh's land because their land was surrounded by water on three sides and it would have been unreasonable to expect them to build a bridge. In Rotenberry, the petitioner proved reasonable necessity, as opposed to mere convenience, to establish a right of way over the appellant's land, because without the right of way he would have had to build a bridge over the Tallahatchie River or the Yocona Drainage Canal to access his property. In Reid, the circuit court and the Mississippi Supreme Court deferred to the board of supervisor's determination that the easement requested by the petitioner was the only reasonable route, even though other routes were proposed by the owner of the servient land.
¶ 16. The common thread in Alpaugh, Rotenberry, and Reid, is that the respective boards determined that the petitioners' land was accessible by only one route; therefore, the petitioners in those cases proved their requested easements were reasonably necessary and not for mere convenience. In the case sub judice, Mansour must have proved reasonable necessity because the Board awarded him an easement. However, unlike the boards in Alpaugh, Rotenberry, and Reid, the bill of exceptions indicates that there was more than one reasonable route over which an easement could be established, including the historical route South Rainbow utilized before it sold the Mansour and Eifling *8 tracts.[1] The Board chose a route which was less burdensome to the owner of the servient land. The crux of Mansour's complaint is that the Pink Line route would require him to "absorb substantial financial burdens in making improvements on the Ganier's land, for which he will receive only the limited benefit of ingress and egress, which is already reasonably available via The Road." In so arguing, it is apparent that he believes that he is entitled to the route which contains an existing road without regard to the burden it would cause Ganier. He is mistaken.
¶ 17. Miss.Code Ann. § 65-7-201 (Rev. 1991) contemplates the petitioner's being required to build a road if he is granted a private right of way over neighboring land. The question is whether it is unreasonable to expect Mansour to build a road over an alternative route if a road already exists on the servient land. In Broadhead v. Terpening, 611 So.2d 949 (Miss.1992), the court reviewed a chancellor's decision relative to an easement by necessity, also known as an implied easement. While an easement by necessity differs from a request for a private right of way pursuant to Miss.Code Ann. § 65-7-201, the court's reasoning regarding the location of the easement illustrates the sensitivity of Mississippi law to each of the competing interests involved. The Broadhead court stated that the way of necessity should be reasonably convenient to the owner of the dominant land, but at the same time should be located so as to be the least onerous to the owner of the servient estate. Id. at 954 (citing Taylor v. Hays, 551 So.2d 906, 909 (Miss.1989)). The court affirmed the chancellor who had "rejected the established road as unnecessarily interfering with the Broadheads' business... and, after inspecting the land, established a way deemed most suitable for all concerned." Id.
¶ 18. While an easement over Ganier Road might be the most convenient for Mansour, the bill of exceptions contains evidence that such easement will interfere with the business operation of Ganier's farm. We recognize that Mansour volunteered to limit his use of Ganier Road to the winter months while the Ganier farm lay fallow; however, the reality is that Mansour would have a right to enforce year-round access. This would seriously impair Ganier's ability to periodically block Ganier Road for irrigation purposes and would halt her right to move the road if necessary to future land-forming efforts of the farm.
¶ 19. Considering the burden that loss of control over Ganier Road would cause to the future development of Ganier's farm and to current farming operations, we do not think it unreasonable to require Mansour to perform the tasks that are necessary to render the Pink Line route traversable. Such tasks are, after all, contemplated by Miss.Code Ann. § 65-7-201 (Rev.1991). Mansour's suggestion that Ganier will somehow benefit from the "improvements" that development of the Pink Line route will bring ignores the burden that Ganier will sustain in losing absolute dominion over a portion of her land. Far from being arbitrary and capricious, the Board's decision indicates that it recognized and balanced the interests of both Mansour and Ganier by granting an easement which is less onerous to Ganier and which required no more burden to Mansour than that contemplated by the statute. Being substantially supported by the case made in the bill of exceptions, the Board's decision should have been affirmed, and the circuit court erred in reversing the *9 Board and substituting its own judgment. We reverse the circuit court and reinstate the Board's grant of an easement over the Pink Line route.
¶ 20. Once an easement is granted under Miss.Code Ann. § 65-7-201 (Rev. 1991) "the same proceedings shall be had thereon as in the case of a public road; but the damages assessed shall be paid by the person applying for the private road, and he shall pay all the costs and expenses incurred in the proceedings." Id. The Board's final order awarded compensation to Ganier of $2,000 per acre subject to the easement. The Board did not, however, assess damages to the remainder or order Mansour to pay Ganier the costs and expenses incurred in the proceedings. We remand to the Board to assess damages, costs, and expenses in accordance with Miss.Code Ann. § 65-7-201 (Rev.1991). The survey of the Pink Line easement generated by the civil engineer retained in this case is to be made available to Mansour and the Board so a legal description of the easement may be prepared.
¶ 21. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT IS REVERSED, THE ORDER OF THE BOARD OF SUPERVISORS FOR WASHINGTON COUNTY IS REINSTATED, AND REMANDED TO THE BOARD OF SUPERVISORS FOR WASHINGTON COUNTY FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS ARE ASSESSED AGAINST THE APPELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.
NOTES
[1] We note that in Pleas v. Thomas, 75 Miss. 495, 22 So. 820, 821 (1897), one who sells an interior parcel of land and retains the exterior land grants an easement by necessity over the exterior land. "Easements of way by necessity are appurtenant to the dominant tenement and run with the land." Broadhead v. Terpening, 611 So.2d 949, 954 (Miss.1992). Had Mansour wished to pursue it, he had a right to an easement by necessity over the historical route, notwithstanding South Rainbow's subsequent transfer of the burdened parcel to Eifling.