BRIDGES, J.,
for the court.
¶ 1. This is an appeal from a judgment of the Lamar County Circuit Court affirming the Lamar County Board of Supervisors’ decision to expand Patterson’s existing easement on Jelen’s adjacent property.
STATEMENT OF ISSUES
I. DID THE BOARD IMPROPERLY GRANT THE PATTERSONS’S APPLICATION FOR A PRIVATE WAY ACROSS THE JELEN’S LAND?
II. WAS THE BOARD’S DECISION SUPPORTED BY SUBSTANTIAL EVIDENCE?
III. DID THE CIRCUIT COURT EXCEED THE PROPER SCOPE OF REVIEW?
FACTS
¶ 2. The Pattersons own the dominant estate with an existing easement over part of Jelen’s property. The existing easement is of right, and rises from partition of the land. The Pattersons sought to expand their existing easement to the edge of their property as they had to pass through the neighboring property of Dr. Pace to use their existing easement. The Pattersons also sought to expand their easement in width to allow construction vehicles access to their land that they might construct a house there. Jelen opposed their plans.
ANALYSIS
I. DID THE BOARD IMPROPERLY GRANT THE PATTERSONS’S APPLICATION FOR A PRIVATE WAY ACROSS THE JELEN’S LAND?
¶ 3. Jelen contends that the Pattersons must exhaustively search for alternate access to their property, according to statute. Miss.Code Ann. § 65-7-201 (Rev. 2001). The Pattersons are required only to make a showing that they could not acquire a reasonable right of way from their surrounding neighbors. Hooks v. George County, 748 So.2d 678, 681 (¶ 16) (Miss.1999). The evidence demonstrated that the Pattersons had an existing easement over Jelen’s servient estate from their deed, and it led to Dr. Pace’s property, which the Pattersons had to cross to make use of their easement. Dr. Pace refused to allow continued access at the Patterson’s request, and since there was no existing easement through his property, he was well within his rights to do so.
¶ 4. The board properly decided that there was no reason to burden two separate pieces of land with easements, as one of the potential servient estates already had an easement through it for the Patterson’s use. The fact that the easement is incorporated in the deed forestalls Jelen from acting against it absent any evidence of abandonment; if the existing easement has not been abandoned, the board was fully within its rights to expand it, so long as just compensation is provided. It is enough that the easement be reasonably necessary, and need not be absolutely necessary. Reid v. Horne, 208 So.2d 780, 783 (Miss.1968).
II. WAS THE BOARD’S DECISION SUPPORTED BY SUBSTANTIAL EVIDENCE?
¶ 5. “The decision of an administrative agency is not to be disturbed unless the agency order was unsupported by substantial evidence.” Ganier v. Mansour, 766 So.2d 3, 6 (¶ 12) (Miss.Ct.App.2000). The board considered, among other factors, the *1272 existing easement of right across Jelen’s property; the refusal of Dr. Pace to allow access over his property; and the projected use by Jelen of the land the Pattersons sought for the easement. Taking these factors together, the court found that the board’s decision comported with the evidence sufficiently to withstand challenge, and absent any contrary evidence, this Court must agree.
III. DID THE CIRCUIT COURT EXCEED THE PROPER SCOPE OF REVIEW?
¶ 6. The bill of exceptions is the record on appeal. Gamier, 766 So.2d at 7 (¶ 13). The Circuit Court of Lamar County ruled on the bill of exceptions after a hearing, where arguments were presented. Since there is no record of these arguments before this Court, we cannot properly review Jelen’s allegations. As it is Jelen’s responsibility as appellant to furnish a full record to preserve issues for appeal, and no evidence of irregularity in the circuit court is presented, this Court must reject this ground of appeal.
CONCLUSION
¶ 7. For the foregoing reasons, we affirm the judgment of the Circuit Court of Lamar County.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF LAMAR COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ„ CONCUR.