952 So.2d 1011 (2007)
Walter H. GIBBES and Mary Belle Gibbes, Appellants
v.
HINDS COUNTY BOARD OF SUPERVISORS, Appellee.
No. 2005-CC-01963-COA.
Court of Appeals of Mississippi.
March 13, 2007.
R. Louis Field, Vicksburg, attorney for appellants.
E. Charlene Stimley Priester, Melvin V. Priester, Jackson, attorneys for appellees.
Before LEE, P.J., GRIFFIS and ROBERTS, JJ.
ROBERTS, J., for the Court.
¶ 1. This is an appeal from the Circuit Court of Hinds County, First Judicial District, affirming a decision of the Hinds County Board of Supervisors (Board) granting Clara Grubbs, access to a private road on the property of Walter H. and *1013 Mary Bell B. Gibbes, in accordance with Mississippi Code Annotated section 65-7-201.[1] Aggrieved by this, the Gibbes now appeal and raise the following issue, listed verbatim:
I. THE DECISION OF THE HINDS COUNTY BOARD OF SUPERVISORS GRANTING CLARA GRUBBS A PRIVATE WAY IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE AND IS ARBITRARY AND CAPRICIOUS.
Finding that the decision of the Board was not supported by substantial evidence, we reverse and render.
FACTS AND PROCEDURAL HISTORY
¶ 2. Prior to March 1998, Grubbs and the Gibbes were owners as co-tenants of a 270 acre tract of land in Hinds County. Grubbs owned an undivided one-eighth interest in the tract while the Gibbes owned an undivided seven-eights interest. In March 1998, the parties exchanged deeds resulting in the Gibbes owning 236.26 acres and Grubbs owning the remaining 33.75 acres. Included in the deed from the Gibbes to Grubbs was language granting Grubbs an easement for ingress and egress over the Gibbes's property. Some time later, Grubbs filed a petition with the Chancery Court of the Second Judicial District of Hinds County requesting a private way in accordance with Mississippi Code Annotated section 65-7-201, or a reestablishment of her easement as Grubbs claimed her current easement was unusable without substantial work and expense. On January 27, 2003, the chancery court issued its opinion denying both of Grubbs's requests. Her request for a private way was denied as the chancery court noted the proper forum, as per section 65-7-201, was the Board. In relation to Grubbs's request for re-establishment of her easement, the chancery court reasoned that Grubbs hired three experts during her negotiations over the property, a realtor, an attorney and a surveyor, and there was no proof of the requisite mistake or fraud required for reformation.
¶ 3. In response to the chancery court's ruling, on April 7, 2003, Grubbs petitioned the Board for a private way over the Gibbes's property stating that the land represented by the easement granted in the 1998 deed was impassable in many areas due to its route running though a large creek bed. After providing the Gibbes with proper notice, a hearing was held before the Board to determine the appropriateness of granting Grubbs a private way.
¶ 4. The Board, consisting of Douglas Anderson, George Smith, Charles Barbour, Ronnie Chappell and Peggy Hobson Calhoun, heard statements from Grubbs, Walter Gibbes and others during the hearing. Grubbs stated that it was her belief that her easement was only three feet wide and ran through a creek bed, though the actual width of the easement was found to be twenty-five feet. She requested the use of an established road through the Gibbes's property to remove timber from her lands. Gibbes stated that he had spent a great deal of time, effort and expense in paving certain portions of the road and that logging trucks would destroy the newly paved portions in all but the driest times of the year. After these preliminary statements from the involved parties, the Board assigned Barbour and Smith to personally view the easement to determine whether it was unusable.
*1014 ¶ 5. Barbour and Smith reported their findings during the next meeting of the Board. Barbour stated that he could not answer whether Grubbs's easement ran into a creek bed because it had never been successfully surveyed, but that it would not be impossible for her to use the easement, it just would not be a perfect situation. Additionally, when questioned further, Barbour stated that it was his opinion that the easement did run into the creek bed but stressed that it was only an assumption given the uncertainty of the easement's actual location. Smith stated that the easement did run down a creek bed and recommended the Board grant her a temporary easement for the purpose of removing the timber. An individual from the audience, identified as Rankin, informed the Board that he attempted to survey the easement but was unsuccessful as the legal description described in the deed contained errors.
¶ 6. Following further discussion over the particular private way to grant Grubbs, the Board granted her request over the Gibbes's road, but stayed a decision on damages following the result of the appeals process. On April 30, 2003, the Gibbes appealed the Board's decision to the Circuit Court of Hinds County. They asserted that the Board was barred from granting Grubbs an easement as the 1998 deed granted her an easement, thus making an additional easement unnecessary. The lower court reasoned that the private way was reasonably necessary for ingress and egress from Grubbs's property. The court further stated that Barbour and Smith inspected the easement and reported that it did run through a creek bed thus making another way of ingress and egress reasonably necessary. The Gibbes next argued that granting Grubbs the additional easement would unjustly enrich her as she would have two easements. The court opined that a provision in the 1998 deed which would revert the original easement back to the Gibbes in the event that Grubbs obtained another right of way or access to a public road not only settled the issue of unjust enrichment, but showed that the parties foresaw there would come a time when Grubbs would need a different easement. Finally, the Gibbes argued that the decision of the Board was not supported by substantial evidence and was arbitrary and capricious. The court explained that as a result of Barbour's and Smith's visit to the site and overall discussion of the Board, a finding that an easement that ran though a creek bed and was unable to be actually located was useless was not unreasonable. Unsatisfied with the decision of the lower court, the Gibbes timely appealed to this Court. Finding that the Board's decision was not supported by substantial evidence, we reverse and render its decision and the circuit court's subsequent order affirming the decision.

STANDARD OF REVIEW
¶ 7. This Court must employ the same standard of review for a Board of Supervisors's order that is utilized during appeals from administrative agencies. Mississippi Power Co. v. Fairchild, 791 So.2d 262(¶ 8) (Miss.Ct.App.2001). "The decision of an administrative agency is not to be disturbed unless the agency order was unsupported by substantial evidence; was arbitrary or capricious; was beyond the agency's scope or powers; or violated the constitutional or statutory rights of the aggrieved party." Id. (citing Bd. of Law Enforcement Officers Standards & Training v. Butler, 672 So.2d 1196, 1199 (Miss. 1996)). Substantial evidence has been defined as "such relevant evidence as reasonable minds might accept as adequate to support a conclusion" or more than a "mere scintilla" of evidence. Johnson v. *1015 Ferguson, 435 So.2d 1191, 1195 (Miss.1983). Furthermore, there is a rebuttable presumption in favor of the Board's decision. Brinston v. Public Employee's Ret. Sys., 706 So.2d 258(¶ 6) (Miss.Ct.App. 1998).

ANALYSIS
I. WHETHER THE DECISION OF THE BOARD WAS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE OR WAS ARBITRARY OR CAPRICIOUS.
¶ 8. The Gibbes argue that the decision by the Board to grant Grubbs an easement was not supported by substantial evidence. At the time of Grubbs's petition, section 65-7-201 granted a board of supervisors the authority to grant an individual access to a private road "when necessary for ingress and egress." Miss.Code Ann. § 65-7-201 (Rev.2003). Our supreme court has interpreted the phrase "necessary for ingress and egress" as reasonably necessary and not absolutely necessary. Quinn v. Holly, 244 Miss. 808, 813, 146 So.2d 357, 359 (1962). The petitioner carries the burden of proving the proposed private road is reasonably necessary. Hooks v. George County, 748 So.2d 678(¶ 27) (Miss.1999).
¶ 9. In order for the decision of the Board to be affirmed by this Court, it must be evident from the record that its decision was based upon substantial evidence. The decision of the Board was based upon the statements of Grubbs, Barbour, Smith and Rankin. Grubbs stated her belief was that the easement granted to her in the 1998 deed was three feet wide and ran through a creek bed. In an effort to verify her claim, Barbour and Smith visited the site of the 1998 easement. Smith was adamant that the 1998 easement ran through a creek bed and that Grubbs should immediately be granted a temporary easement. Barbour's report to the Board was more factually detailed. He stated that the easement did not cross the creek but did run into it at certain points. However, he continued that it would not be impractical to use the 1998 easement, it just would not be perfect. Furthermore, Barbour stated that it was difficult to determine exactly where the 1998 easement was located and his assertion that it ran into the creek bed was only an assumption as the exact location of the easement was unknown. Finally, Rankin stated that his attempts to survey the 1998 easement were fruitless as the legal description in the 1998 deed contained too many errors.
¶ 10. Grubbs was represented by an attorney during her negotiations surrounding the 1998 deed transfer and also employed a real estate agent and surveyor to protect her interests. The contested easement was the result of this collaboration. To now say that another easement is reasonably necessary as a result of the bargained for easement being useless seems inequitable to the Gibbes's interests; however, a determination of the applicability of section 65-7-201 to situations such as the case sub judice is not required at this point. The record shows that the Board made its decision on the uselessness of Grubbs's bargained for easement without actually knowing where the easement was. A determination that another easement was reasonably necessary requires a finding that an existing easement is unusable. We fail to see how that finding, given the fact that the existing easement's location was unknown, could have legitimately been made. Even assuming that Grubbs's existing easement runs close to or in a creek bed would not, in and of itself, entitle her to a private way as allowed by section 65-7-201.

*1016 The statute does not contemplate granting one citizen or corporation a right of way through the property of another citizen or corporation as a matter of mere convenience or as a mere matter of saving expense. There must be real necessity before private property can be invaded by a citizen for private purposes, if that can be done at all. The right to the control and use of one's property is a sacred right, not to be lightly invaded or disturbed.
Roberts v. Prassenos, 219 Miss. 486, 492, 69 So.2d 215, 217 (1954). Grubbs presented no proof of the feasibility or expense of constructing a road using her existing easement. This could have been attained by having an expert examine the land and offer his opinion on the ease or difficulty of constructing a road on the existing easement.
¶ 11. Finally, the circuit court stated that the 1998 easement was useless and valueless as it could not be located by a surveyor. The fact that the legal description of the easement in the 1998 deed contains errors does not render it void. It is clear from the record that the intention of the parties was for Grubbs to be given an easement that was twenty-five feet wide and ran parallel to the western border of the Gibbes's property. Grubbs's earlier attempt at reformation of her easement in the Chancery Court of Hinds County was unsuccessful as she attempted to move the location of her easement rather than clarify its location. However, clarification of the existing easement's location is a prerequisite to a finding that it is useless. Therefore, as the decision of the Board was not supported by substantial evidence, we must reverse the lower court's decision to affirm.
¶ 12. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT AFFIRMING THE DECISION OF THE HINDS COUNTY BOARD OF SUPERVISORS IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR. KING, C.J., CONCURS IN RESULT ONLY.
NOTES
[1] Effective April 20, 2003, petitions for private way must be brought through an action in eminent domain. Kalom v. Brady, 872 So.2d 741(¶ 11) (Miss.Ct.App.2004).