CARLTON, J.,
for the Court:
¶ 1. Anse and Laureen McDonald appeal the judgment of the Special Court of Eminent Domain in Rankin County dismissing the McDonalds’ petition for the establishment of a private road through the property of Jerry King for the purpose of ingress and egress to the McDonalds’ property. The McDonalds now appeal, claiming that the Special Court of Eminent Domain incorrectly acted as an appellate court in its consideration of the case and that the court used the improper standard for determining whether to establish a private road. Finding no error, we affirm the judgment of the Special Court of Eminent Domain. The Special Court of Eminent Domain found that the evidence failed to show that a route across King’s property was reasonably necessary to access the McDonalds’ property.
FACTS
¶ 2. The McDonalds own approximately eighty acres of land in Simpson County, Mississippi, and this property is also accessible from Rankin County, Mississippi. King owns land in Rankin County, which adjoins Moncure Road, a public road located north of the McDonalds’ land in Simpson County. King’s property has access to Moncure Road by way of an existing driveway on his property.
¶ 3. In 2008, the McDonalds filed a complaint for the removal of obstruction of an easement through a portion of King’s land, which would allow Anse to haul sand from his property using eighteen-wheeler trucks for the purposes of operating his commercial mining business. On July 9, 2008, the Rankin County Chancery Court held that the McDonalds did not possess an easement across King’s property. The Mc-Donalds then filed a complaint in the Special Court of Eminent Domain on October 13, 2008, seeking to establish a private road through a portion of King’s land for ingress and egress, as provided under Mississippi Code Annotated section 65-7-201 (Rev.2005). The McDonalds claimed that without an easement across King’s property, they are landlocked from accessing their property. The McDonalds asserted that no other access exists to their land for the purposes of running their business other than the private road across King’s property. King argued, however, that allowing the McDonalds to use his property in such a manner would endanger his health, safety, and welfare.
114. On August 27, 2009, the Special Court of Eminent Domain conducted the “reasonableness” segment of the bifurcated trial, as required under section 65-7- *219 201. After considering the reasonableness of the McDonalds’ petition for a private right-of-way, the Special Court of Eminent Domain dismissed the McDonalds’ petition without prejudice on October 8, 2009. The trial judge found that King’s suggestion of building a road along an alternate route provided reasonable access to the Mc-Donalds’ land. He also held that the Mc-Donalds had failed to provide any monetary figures regarding the cost of building an alternate road to access their property. The trial judge determined that based on the figures that actually were provided at the hearing, the cost of building a new road for the purpose of operating the Mc-Donalds’ commercial mining business did not constitute an unreasonable cost. This appeal followed.
STANDARD OF REVIEW
¶ 5. The Mississippi Supreme Court has established that the standard of review of eminent-domain proceedings is as follows:
This Court reviews decisions of a special court of eminent domain as it would any trial court. We review questions of law de novo, and we will not overturn findings of fact where they are supported by substantial evidence in the record unless there was abuse of discretion by the trial judge or the findings were manifestly wrong or clearly erroneous.
Morley v. Jackson Redevelopment Auth., 874 So.2d 973, 975 (1111) (Miss.2004) (internal citations omitted).
DISCUSSION
I. Whether the Special Court of Eminent Domain incorrectly acted as an appellate court.
¶ 6. The McDonalds argue that in the present case, the court followed the procedure of the pre-amended version of section 65-7-201, which, prior to the 2003 amendment, allowed the county board of supervisors to survey the land and adjudicate the most reasonable route of ingress and egress. The board of supervisors’ decision was then appealable to the county court. The McDonalds assert that in the 2003 amendment to section 65-7-201, the Legislature removed the power to adjudicate private-way proceedings from the board and gave it to the special court of eminent domain, therein granting the special court of eminent domain original, exclusive jurisdiction over issues concerning the application for eminent domain for a private road for the purposes of ingress and egress to a landlocked parcel. The McDonalds claim that Special Court of Eminent Domain, thus, acted outside of its scope and power by improperly acting as an appellate court, instead of determining the case on its merits.
¶ 7. Section 65-7-201, as amended in 2003, states that:
When any person shall desire to have a private road laid out through the land of another, when necessary for ingress and egress, he shall apply by petition, stating the facts and reasons, to the special court of eminent domain created under Section 11-27-3 of the county where the land or part of it is located, and the case shall proceed as nearly as possible as provided in Title 11, Chapter 27 for the condemnation of private property for public use. The court sitting without a jury shall determine the reasonableness of the application. The owner of the property shall be a necessary party to the proceedings. If the court finds in favor of the petitioner, all damages that the jury determines the landowner should be compensated for shall be assessed against and shall be paid by the person applying for the private road, and he shall pay all the costs and expenses incurred in the proceedings.
*220 The statutory language instructs the Special Court of Eminent Domain to determine the reasonableness of the petitioner’s application for a private road. • Mississippi Code Annotated section 11-27-3 (Rev. 2004), which created the Special Court of Eminent Domain, establishes that “[t]he original powers and jurisdiction shall be and is hereby fixed in the county court in each county that has elected to come under the provisions of section 9-9-1 Mississippi Code of 1972.”
¶8. In their appellate brief, the McDonalds assert that the lower court failed to make a determination based upon the merits of this case and simply relied on the assertions of the Rankin County Board of Supervisors. However, the procedural history in the record before us shows no decision by the Rankin County Board of Supervisors, nor any review of such decision by the Special Court of Eminent Domain. Indeed, after a review of the record, we find that the court conducted a bifurcated trial as required by section 65-7-201 and determined the case on its merits, finding insufficient evidence that a route across King’s property was reasonably necessary for ingress or egress to McDonalds’ property. We find no instance in the record of the Special Court of Eminent Domain acting as an appellate court; thus, this issue is without merit.
II. Whether the Special Court of Eminent Domain used the wrong standard in determining the reasonableness of the application.
¶ 9. The McDonalds also claim that not only did the 2003 amendment to section 65-7-201 transfer the forum for eminent-domain proceedings, but it also changed the procedure for such proceedings. Prior to the 2003 amendment, the private-way statute held that a person desiring the establishment of a private road should apply by petition, and then the board of supervisors should determine the reasonableness of the application based on the facts and reasons stated in the petition. The amended version now states that a special court of eminent domain shall determine reasonableness based on the facts and reasons stated by the petitioner, and it also states that the case shall proceed as nearly as possibly as provided in Title 11, Chapter 27 for the condemnation of private property for public use.
¶ 10. The McDonalds claim that the amended statutory language instructing that eminent-domain cases proceed as closely as possible as provided in Title 11, Chapter 27 suggests that the amendment changed not only the forum, but it also changed the standard that courts must use in examining private-way petitions. The McDonalds claim that in this case before us, the Special Court of Eminent Domain applied the standard of “no other possible routes,” a standard which the McDonalds argue frustrates the purpose of condemning private property for public use. The McDonalds submit that because the 2003 amendment to section 65-7-201 changed the standard for determining reasonableness of private-way petitions, the Special Court of Eminent Domain’s misguidedly relied on pre-2003 case law in its decision. The McDonalds claim that the court relied on the pre-2003 amendment standard to require a showing of physical impossibility of creating an alternative route, when instead, it should have used the standard of reasonable necessity.
¶ 11. In cases falling under the purview of section 65-7-201, the Mississippi Supreme Court has interpreted the phrase “necessary for ingress and egress” as reasonably necessary and not absolutely necessary. Quinn v. Holly, 244 Miss. 808, 813, 146 So.2d 357, 359 (1962). Additionally, the petitioner carries the burden of *221 proving the proposed private road is reasonably necessary. Hooks v. George County, 748 So.2d 678, 683 (¶27) (Miss.1999).
¶ 12. Despite the McDonalds’ allegations, the record reflects that the court heard testimony regarding the reasonableness and existence of other possible alternative routes across and also south of King’s property. The trial judge clearly stated that his “role at this point is simply to decide whether or not the complaint, which in this case seeks to condemn this particular road that passes by the Kings’ house, is a reasonable route to get to the property.” In addition, the transcript from the hearing reflects that the trial judge repeatedly referred to Ganier v. Mansour, 766 So.2d 3, 7-8 (¶¶ 14-17) (Miss.Ct.App.2000), when discussing the controlling law as to eminent-domain cases. In Ganier, this Court recognized the supreme court’s “reasonable necessity” standard when determining whether a landowner is entitled to an easement for ingress and egress over someone else’s land. Id. We further note that the trial judge listened to testimony from the parties and their witnesses before dismissing the McDonalds’ petition. After considering this evidence, the trial judge determined that the alternate route proposed by King provided reasonable access to the McDonalds’ property; hence, the Mc-Donalds’ suggested route across King’s property was not necessary for ingress or egress to the McDonalds’ property based upon the evidence presented. After our review of the record, we find that the trial judge utilized the proper standard for determining reasonableness in the bifurcated hearing in the present case; thus, we find no abuse of discretion in the trial judge’s decision. This issue lacks merit.
¶ 13. THE JUDGMENT OF THE RANKIN COUNTY SPECIAL COURT OF EMINENT DOMAIN IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ„ CONCUR.