RODGERS, Justice.
This litigation originated before the Board of Supervisors of Panola County, Mississippi. The appellee, a landlocked landowner, sought a twenty foot easement right-of-way across the private lands of certain landowners including appellants, Mrs. Minnie B. Rotenberry, Mrs. Scottye Cobb Rotenberry Hooker and Mrs. Letitia Rotenberry Cupit. The petitioner, Will Renfro, suggested four routes across the land belonging to the adjacent landowners in his petition to the Board' of Supervisors. The petition was based upon section 110, Mississippi Constitution and section 8419, Mississippi Code 1942 Annotated (1956). The petitioner offered to pay damages to the adjacent landowners for the required easement and to pay the costs of court.
After the Board of Supervisors had decided the case originally, it was appealed, and the Circuit Court reversed the order of the Board of Supervisors because of lack of proper process upon a minor who was a landowner. The petitioner amended the petition and obtained new process, and the Board of Supervisors appointed a committee to examine the proposed routes. The board then established the private road by adopting the first proposed route suggested by the appellee, petitioner. On the petition of the appellants filed in accordance with section 8316, Mississippi Code 1942 Annotated (1956), the Board of Supervisors entered an order allowing Mrs. Minnie B. Rotenberry $200 damages and Mrs. Hooker and Mrs. Cupit $350 damages.
The appellants appealed to the Circuit Court of the Second Judicial District of Panola County, Mississippi. The jury in the Circuit Court made an inspection of the property and awarded damages of $410 to Mrs. Minnie Rotenberry and a verdict of $520 to Mrs. Hooker and Mrs. Cupit. A judgment was entered in accordance with the jury verdict in the Circuit Court.
The appellant landowners have appealed to this Court and contend here that (1) the motion filed by the defendants requesting a severance and separate trial before the Board of Supervisors should have been sustained; (2) the appellee, Will Renfro, did not attempt to negotiate with the appellants prior to the filing of his petition with the Board of Supervisors, and, therefore, the suit was prematurely brought; and (3) the jury did not award enough damages to cover the defendants’ loss.
I.
Section 8419, Mississippi Code 1942 Annotated (1956) is in the following language:
“When any person shall desire to have a private road laid out through the land of another, when necessary for ingress and egress, he shall apply by petition, stating the facts and reasons, to the board of supervisors of the county, which shall, the owner of the land being notified at least five days before, determine the reasonableness of the application; and, if the petition be granted, the same proceedings shall be had thereon as in the case of a public road; but the damages assessed shall be paid by the person applying for the private road, and he shall pay all the costs and expenses incurred in the proceedings.”
It will be observed that this section expressly requires that “if the petition be granted, the same proceedings shall be had thereon as in the case of a public road.” This Code section obviously refers to sections 8314, 8316 and 8319, Mississippi Code *277 1942 Annotated (1956) with reference to proceedings to establish a public road. The appellee and appellants scrupulously-followed the proceedings outlined in the last named sections, recognizing them to be the proper method to establish a private road.
The appellants contended before the Board of Supervisors that they were entitled to a severance and a separate hearing as to their claim for damages due the owners of each parcel of land. However, appellants filed a joint petition instead of separate petitions under authority of section 8316, Mississippi Code 1942 Annotated (1956). The appellants renewed their application for severance in the Circuit Court on appeal.
The Circuit Court had authority to review the proceedings of the Board of Supervisors “in respect to any matter of law arising on the face of the proceedings,” as well as to grant a new trial on the question of damages. Miss.Code 1942 Ann. § 8319 (1956). The Circuit Court denied the application for severance and permitted a joint trial upon the question of damages alone.
We are of the opinion that the Board of Supervisors and the Circuit Court should have permitted separate trials upon the issue of damages to the owners of each parcel of land crossed by the established, private road.
It will be observed that section 8314, Mississippi Code 1942 Annotated (1956) permits any person to file an application with the Board of Supervisors in the manner therein set forth, requesting the board to lay out a public road, and of necessity the application for the road may describe a right-of-way across the lands of many individual landowners. Section 8419, supra, provides that the application of an individual for a private road is subject to the same procedure set forth in section 8314, Mississippi Code 1942 Annotated (1956).
After the road has been laid out in accordance with the authority given to the Board of Supervisors, the owners of land who claim compensation for land taken for a public road or for damages sustained by construction of a road, may file a petition with the Board of Supervisors, in writing, setting forth the nature and character of the damages claimed; whereupon, it is the duty of the Board of Supervisors to go upon the premises and assess the damages sustained by the landowner because of the easement across his land. It is apparent from the reading of section 8316, Mississippi Code 1942 Annotated (1956) that each landowner is entitled to have his claim for damages to his land, by reason of the road easement, assessed separately.
In the case of Quinn v. Holly, 244 Miss. 808, 812, 146 So.2d 357, 358 (1962), which was brought under section 8419, Mississippi Code 1942 Annotated (1956), this Court pointed out that the proceedings under this section of the Code are likened unto eminent domain proceedings.
Section 110, Mississippi Constitution permits the legislature to provide by general vote for the condemning rights of a private road. This is obviously what the legislature intended to do by the enactment of section 8419, Mississippi Code 1942 Annotated (1956).
Section 2756, Mississippi Code 1942 Annotated (1956) requires that in condemnation proceedings where the application seeks to condemn the property of more than one defendant interested in different property, a separate trial must be had for each. It is evident that the legislature intended that separate trials be had in all condemnation proceedings. We are of the opinion, therefore, that a separate trial should have been granted to the appellant landowners in the Circuit Court to determine the damages done to the various parcels of their land.
*278 II.
The next alleged error argued by appellants is that the petition of appellee was prematurely filed with the Board of Supervisors, because, it is said, appellee made no effort to negotiate with the appellants for a right-of-way before filing the suit with the Board of Supervisors. After careful consideration of all the facts in this case, however, we have reached the conclusion that the trial judge properly overruled this contention for the following reasons.
The argument of appellee is based upon the proposition that before one may acquire a private roadway over the lands of another under the Code proceedings before the Board of Supervisors (see § 8419, Miss.Code 1942 Ann. (1956)), the landlocked landowner must allege and show that he has been unable to obtain a reasonable right-of-way from all of the surrounding property owners. The petitioner must also show a “real necessity” for such a right-of-way, as distinguished from a mere convenience. Whitefort v. Homochitto Lbr. Co., 130 Miss. 14, 93 So. 437 (1922); Roberts v. Prassenos, 219 Miss. 486, 69 So.2d 215 (1954).
We agree with this contention and thesis, but we are of the opinion that appellee met this burden of proof in the instant case. There can be no doubt that petitioner’s property is landlocked and that it is unreasonable to expect the petitioner to build a private bridge across the Talla-hatchie River or the Yocona Drainage Channel in order to reach his land. Still, it is said, the testimony shows that the petitioner never tried to purchase a right-of-way from the defendants, landowners; therefore, since this act was not performed, the petitioner had no standing to request the Board of Supervisors to grant the right-of-way.
The record does show, however, that the Board of Supervisors determined in its order that “petitioner met the burden of showing efforts to acquire the requested right-of-way and/or easement by negotiation and that such negotiation was fruitless.” This was a question of fact for determination by the Board of Supervisors, and we are of the opinion that the testimony is sufficient to show that appellee did attempt to negotiate the purchase of a right-of-way from the appellants before proceeding the second time to acquire the easement through the Board of Supervisors.
In the instant case it is apparent that the landowners not only were aware of the efforts made by the appellee to obtain a right-of-way across their land, but that they concurred in the refusal of the husband and grandfather to permit the appel-lee to cross their property.
We are of the opinion, therefore, that this case must be reversed. The motion for severance will be sustained and the appellants will be awarded separate trials in the Circuit Court on the issue of damages alone as to each parcel of land. We do not reach the question of inadequate damages, because this case must be retried with proper instructions to the jury on this issue.
Reversed and remanded.
ETHRIDGE, C. J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.