MYERS, J.,
for the Court:
¶ 1. Trimac Investments, LLC owns an eighty-acre tract of land in Forrest County, Mississippi. The Trimac property is surrounded by land owned by others, and it has no direct access to a public road. Trimac sought a right-of-way so it could harvest timber on the property. It brought suit in the County Court of Forrest County to establish a private road over the properties of Janice Ward, William Ward, Rita Collins, and Linda Sten-nett (collectively the Wards). Trimac proceeded under Mississippi Code Annotated section 65-7-201 (Rev.2005), which permits a private road to be established over another’s land if necessary for ingress and egress.
¶ 2. The county court awarded Trimac the private road it sought over the Wards’ properties. The court made the following findings of fact:
A pre-existing road bed is established on the proposed access while the alternative routes have no existing roads and are, more or less, trails;
The proposed access road is in a direct, that is, near straight line to the public road while suggested alternatives are less direct routes [or] more winding routes;
The proposed access road is the shortest distance to the public road with the next shortest possible route three to four times as long and much more inconvenient;
The proposed access road is on the western property boundary, which would cause minimal disruption to existing improvements. Other suggested alternative routes would require cutting through and across other landowners’ properties;
The proposed route is across the most accessible terrain, while the next two closest alternative routes (over Jarrell or Parker property) contain low, drainage areas or “sloughs” which would require drainage ways or possibly bridges for an appropriate ground surface for a road; [and]
The proposed access road has already been used in the past to access the property.
The county court concluded Trimac had demonstrated a reasonable necessity for the private road.
¶ 3. On appeal, the Wards present two significant arguments that this was in error. First, they contend that Trimac failed to prove it did not have an alternative — if less convenient — route to access its property through an implied easement over a neighboring parcel owned by Lynda *344 Jarrell. Second, the Wards argue Trimac failed to show it had attempted to purchase a right-of-way from the other surrounding landowners before bringing suit. After reviewing the record and the controlling law, we find both contentions meritorious, so we reverse and render the county court’s judgment.
DISCUSSION
¶ 4. Article 4, section 110 of the Mississippi Constitution provides constitutional authority for the taking of property for private roads:
The Legislature may provide, by general law, for condemning rights of way for private roads, where necessary for ingress and egress by the party applying, on due compensation being first made to the owner of the property; but such rights of way shall not be provided for in incorporated cities and towns.
Section 65-7-201 of the Mississippi Code Annotated states:
When any person shall desire to have a private road laid out through the land of another, when necessary for ingress and egress, he shall apply by petition, stating the facts and reasons, to the special court of eminent domain created under Section 11-27-3 of the county where the land or part of it is located, and the case shall proceed as nearly as possible as provided in Title 11, Chapter 27 for the condemnation of private property for public use. The court sitting without a jury shall determine the reasonableness of the application. The owner of the property shall be a necessary party to the proceedings. If the court finds in favor of the petitioner, all damages that the jury determines the landowner should be compensated for shall be assessed against and shall be paid by the person applying for the private road, and he shall pay all the costs and expenses incurred in the proceedings.
Thus, a private road may be established on another’s property only where necessary for ingress and egress to a land-locked parcel.
¶ 5. The petitioner carries the burden of proving the proposed private road is necessary. Hooks v. George County, 748 So.2d 678, 683 (¶ 27) (Miss.1999). The showing required is only that the right of way is “reasonably necessary,” as opposed to absolutely necessary. Quinn v. Holly, 244 Miss. 808, 813, 146 So.2d 357, 359 (1962). However, although absolute necessity need not be shown, “real necessi ty” is still required, and a private road may not be granted for convenience or to save expense. Ganier v. Mansour, 766 So.2d 3, 7 (¶ 14) (Miss.Ct.App.2000).
¶ 6. To show necessity, our law requires both a showing that the property has no access to the public road and that the party seeking the private road has attempted to secure a right of way by contract or grant. Rotenberry v. Renfro, 214 So.2d 275, 278 (Miss.1968). “[T]he landlocked landowner must allege and show that he has been unable to obtain a reasonable right-of-way from all of the surrounding property owners.” Id.
¶ 7. While Trimac did claim to have attempted to purchase a right-of-way from the Wards, it is undisputed that it made no effort to obtain one from the other surrounding landowners. The record shows that there were numerous other potential paths to a public road: Carl Parker owned a large tract of land to the west, which abutted Eastabutchie Road to the southwest and County Line Road to the northwest; Lynda Jarrell owned property with access to Eastabutchie Road to the southeast; Cooper Rounsaville owned property to the northeast with access to County Line Road; and Frederick McCollough *345 owned property to the north without apparent access to any public roads but abutting nine properties owned by different individuals, each with access to County Line Road. Nicholas McClendon, Trimac’s chief of operations, admitted in his testimony that, with the exception of the Jar-rell property, Trimac had not investigated potential rights-of-way across the other surrounding properties. McClendon also admitted that Trimac had not attempted to purchase a right-of-way from any of these other surrounding landowners. Trimac apparently did not consider these potential alternatives because none had an existing road leading to its property.[1]
¶ 8. The county court’s opinion was largely focused on where the access to Trimac’s property should be located. The county court stated that the question before it was “not so much whether Trimac is entitled to a road giving access ... to its property, but where that road should be located.” The court concluded that the proposed road was the “most reasonable” access to the Trimac property because the other potential routes were “longer, more expensive, and less convenient.”
¶ 9. Although the Wards dispute the finding, the record overwhelmingly supports the county court’s conclusion that the proposed road is the most reasonable access to the Trimac property. If Trimac had proven that a private road was necessary to access its property, and the only question before the county court was where that road should be located, we could not disturb this finding. However, it is distinct from the issue of whether a private road is necessary in the first place.
¶ 10. Again, to show necessity, the party seeking a private road is required to show it has been unable to otherwise obtain a reasonable right-of-way from all of the surrounding property owners. Rotenberry, 214 So.2d at 278. It is plain from the record that Trimac did not meet this requirement. The facts that these potential routes would be longer, more expensive, and less convenient than the proposed road over the Wards’ properties do not amount to a showing that these alternatives were unreasonable. As the Mississippi Supreme Court has explained:
The statute does not contemplate granting one citizen or corporation a right of way through the property of another citizen or corporation as a matter of mere convenience or as a mere matter of saving expense. There must be real necessity before private property can be invaded by a citizen for private purposes, if that can be done at all. The right to the control and use of one’s property is a sacred right, not to be lightly invaded or disturbed.
Whitefort v. Homochitto Lumber Co., 130 Miss. 14, 26, 93 So. 437, 439 (1922). Thus, Trimac was not relieved of its obligation to seek a voluntary right-of-way from other surrounding landowners with a simple showing that the alternatives would be more expensive or less convenient than its preferred route. Instead, Trimac had to show that these potential alternatives were unreasonable, that is, that they “involve disproportionate expense and inconvenience.” Evanna Plantation, Inc. v. Thomas, 999 So.2d 442, 446 (¶ 12) (Miss.Ct.App.2009). “An alternative would involve disproportionate expense and inconvenience if the expense of making the means of access available would exceed the entire value of the property to which access was sought.” *346 Id. (citation and quotations omitted). That showing was not made.
¶ 11. The county court did suggest that the potential routes over the Jarrell and Parker properties were unsuitable because of a “slough” or lowland area. The supreme court has held that a potential access requiring the construction of a bridge (over a drainage canal or a river) is unreasonable. Rotenberry, 214 So.2d at 278. The proof in this case is not comparable to Rotenberry. Jarrell testified that her property was impassable by logging trucks in its present state, but she did not give competent testimony as to what improvements would be required or what they would cost. The only evidence about the lowland on the Parker property came from Jarrell, and she just described it as a “slough,” without further elaboration. This evidence is simply insufficient to show that- these potential routes are unreasonable.
¶ 12. On appeal, Trimac contends that the requirement to offer to purchase a right-of-way from surrounding landowners is impractical because it would require it to “seek routes over an infinite number of possible paths to an infinite number of distant roads.” This contention is plainly without merit. From the record, it appears that other than the Wards, there are exactly four surrounding landowners. It is hardly impossible for Trimac to prove either that access through these properties is so impractical as to be unreasonable or that it cannot be obtained through grant or contract.
¶ 13. Trimac also contends that its failure to seek alternative routes was an affirmative defense and that the Wards waived it by not raising it in their answer, but it cites to no relevant authority for that proposition. It is also plainly without merit: the showing of reasonable necessity is part of Trimac’s burden of proof. That Trimac failed to meet its burden of proof is not an affirmative defense. Moreover, Trimac alleged in its complaint that it had attempted to acquire an easement by contract and had been unsuccessful. This was specifically denied by the Wards in their answers, and it was more than sufficient to put Trimac on notice of the defense.
¶ 14. This case also presents the question of a potential easement over the Jarrell property. At trial, the Wards attempted to prove that Trimac had an easement by necessity over the Jarrell property, by showing that the Trimac property and the Jarrell property had been under common ownership in the past. Our precedent is clear that, if Trimac had an easement allowing it access to its property, the Trimac property is not landlocked and a statutory private road cannot be granted. “A determination that another easement was reasonably necessary requires a finding that an existing easement is unusable.” Gibbes v. Hinds County Bd. of Supervisors, 952 So.2d 1011, 1015 (¶ 10) (Miss.Ct. App.2007).
¶ 15. Our analysis of this issue is complicated because the easement in this case was not proven to exist. An easement by necessity requires more than a showing that the landlocked parcel was once under common ownership with the other; it arises only if the property became landlocked when the common ownership was severed. Evanna, Plantation, 999 So.2d at 445-46 (¶ 11). “An easement by necessity arises by operation of law when part of a commonly-owned tract of land is severed in a way that renders either portion of the property inaccessible except by passing over the other portion or by trespassing on the lands of another.” Id. at 446 (¶ 11).
¶ 16. Trimac contends that the Wards waived this issue by failing to prove the *347 existence of the easement. According to Trimac, the Wards should have brought Jarrell into the suit and put on proof to establish Trimac’s right to an easement over her property, in order to prevent their property from being taken in its place.
¶ 17. It would not only be inequitable to allow Trimac to sit on its potential right to an easement, it is also contrary to established precedent. Again, the burden falls on Trimac to prove that its property is landlocked; it must show that it has no right-of-way and cannot obtain one from the other property owners. Rotenberry, 214 So.2d at 278. We hold that this burden includes not only that an offer to purchase a right-of-way, but also a showing that there is no preexisting right to an easement by necessity. That, again, was not made in this case.
¶ 18. Under the private road statute, Trimac was required to show both that its property was physically landlocked and that it was unable to secure a reasonable right-of-way to a public road through neighboring properties. Because Trimac failed to meet this burden of proof, the county court erred in taking the Wards’ property for a private road. We reverse and render its judgment.
¶ 19. THE JUDGMENT OF THE COUNTY COURT OF FORREST COUNTY IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. LEE, C.J., NOT PARTICIPATING.

. McClendon did discuss a potential route over the Jarrell property, which had an already existing path from the public road to the Trimac property. However, he dismissed the Jarrell route as impractical because it was longer than the proposed road and most of its length was largely unimproved.